No. 13561

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA, ex rel. CHARLES R. SWART,

Petitioner and Respondent,

-vs-

EDWARD W. CASNE, Chief, Subdivision Bureau, Environmental Sciences Division, Montana Department of Health and Environmental Sciences; CARL STUCKY, Clerk and Recorder for the County of Gallatin, State of Montana; and the MONTANA DEPARTMENT OF COMMUNITY AFFAIRS,

Respondents and Appellants.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W.W. Lessley, Judge presiding.

Counsel of Record:

For Respondent:

James Goetz argued, Bozeman, Montana

For Appellants:

Richard M. Weddle argued, Helena, Montana
Stan Bradshaw argued, Helena, Montana
John P. Sully argued, Deputy County Attorney and
Thomas Budewitz appeared, Deputy County Attorney,
Bozeman, Montana

---

Submitted: March 9, 1977

Decided: MAY 19 1977

Filed: MAY 19 1977

Thomas J. Kearney
                                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Defendants appeal from a writ of mandate issued by the district court, Gallatin County, Hon. W. W. Lessley, district judge, ordering them (1) to lift sanitary restrictions and record a certificate of survey on certain property within the City of Bozeman, and (2) assessing $750 attorney fees plus costs against the State Department of Community Affairs.

Relator is Charles R. Swart, a licensed and registered land surveyor. The three defendants are Edward W. Casne, chief of the Subdivision Bureau of the Environmental Sciences Division of the Montana Department of Health and Environmental Sciences (MDH); Carl Stucky, the clerk and recorder of Gallatin County; and the Department of Community Affairs of the State of Montana (DCA).

The subject property is a parcel of land containing 9,361 square feet located in Block 50, Northern Pacific Addition to the City of Bozeman, Gallatin County, Montana. The original plot was recorded many years ago and shows 24 lots in Block 50. The subject property consists of five lots numbered 13, 14, 15, 16, and 17, located in the southwest corner of Block 50. A house which is connected to city water and sewage facilities is located on the subject property.

Relator surveyed the five lots and prepared a certificate of survey showing a straight line dividing each lot into substantially equal parts. The owner attached a certificate of exemption from the requirements of the Montana Subdivision and Platting Act as an "occasional sale" pursuant to section 11-3862(6)(d), R.C.M. 1947. Apparently the owner wants to sell the east half of the five lots comprising a square shaped parcel.

The certificate of survey was presented to defendant Casne who refused to remove the sanitary restrictions on the

subject property because two administrative regulations of DCA provided, in effect, that any resubdivision or redesign of a recorded subdivision plat had to be filed as an amended plat after review and approval of local authorities. MAC 22-2.4B(6)-S420(4)(a), Procedural Requirements for Local Regulations and MAC 22-2.4B(30)-S4090(3)(a), Uniform Standards for Certificates of Survey.

Thereafter the Gallatin County clerk and recorder refused to accept for filing the certificate of survey because he believed that under the foregoing DCA regulations and under Gallatin County subdivision regulations an amended plat was required and the sanitary restrictions had not been lifted.

Relator then filed the present action seeking a writ of mandate to compel the lifting of sanitary restrictions, the filing of the certificate of survey, and payment of his attorney fees and costs in the action. The case was submitted to the district court on the basis of a stipulation of facts and an evidentiary hearing. The district court entered findings of fact, conclusions of law, and a writ of mandate granting relator the requested relief.

Among other things, the district court made findings of fact that no genuine problems existed relating to water availability, sewage disposal, solid waste disposal, or other environmental factors, and that the refusal to lift sanitary restrictions and file the certificate of survey was not based on any such factors. The essence of the district court's conclusions of law was that the certificate of survey qualified as an "occasional sale" under the Subdivision and Platting Act and was accordingly exempt from the surveying and platting requirements for subdivisions (Sec./3862(6)(d), R.C.M. 1947); that the two administrative regulations of DCA, Gallatin County subdivision regulations, and the City of Bozeman subdivision regula-

- 3 -

tions, were in conflict with the statute and void; that there was a clear legal duty to lift the sanitary restrictions and file the certificate of survey; that a writ of mandate was a proper remedy; and that attorney fees of $750 and costs should be awarded relator against DCA.

All defendants appeal from the judgment.

We summarize the issues for review in this manner:

(1) Are the administrative regulations of DCA void?

(2) Is a writ of mandate a proper remedy?

(3) Should attorney fees be awarded?

The substance of defendants argument on the first issue is that the DCA regulations simply implemented the Subdivision and Platting Act; were within the rule-making authority delegated to it by the legislature; and the DCA regulations were not in conflict with the Subdivision and Platting Act. They view MAC 22-2.4B(6)-S420(4)(a) and MAC 22-2.4B(30)-S4090(3)(a) as providing standards by which local authorities can determine whether the "occasional sale" exemption in the Subdivision and Platting Act in fact constitutes an evasion of its requirements. They argue that the DCA administrative regulations carry out the broad objectives of the Subdivision and Platting Act and that absent these regulations, two conflicting sets of boundary records and haphazard land development would result. They further contend that the DCA regulations do not conflict with the Subdivision and Platting Act; that the district court's finding that they do conflict ignores established rules of statutory construction; and that the district court's implied finding that the "occasional sale" exemption applies to resubdivision and redesign of lots in recorded plats is error.

Section 11-3862(6), R.C.M. 1947, of the Subdivision and Platting Act provides the "occasional sale" exemption:

"(6) Unless the method of disposition is adopted for the purpose of evading this act, the following divisions of land are not subdivisions under this act but are subject to the surveying requirements of this section for divisions of land not amounting to subdivision.

" * * *

"(d) A single division of a parcel when the transaction is an occasional sale."

Section 11-3861(13), R.C.M. 1947, of the Subdivision and Platting Act defines an "occasional sale":

"As used in this act, unless the context or subject matter clearly requires otherwise, the following words or phrases shall have the following meanings:

" * * *

"(13) 'Occasional sale' means one sale of a division of land within any twelve (12) month period."

Section 11-3861(12), R.C.M. 1947, of the Subdivision and Platting Act provides that "any resubdivision" is a subdivision within the meaning of the act.

These statutes are clear and unambiguous. They plainly provide that although a resubdivision or redesign of an existing subdivision constitutes a subdivision under the act, an "occasional sale" is exempt from the requirements applicable to subdivisions, i.e., the lifting of sanitary restrictions by MDH, the preparation of an amended plat with review and approval of local authorities, and the filing of an amended plat instead of a certificate of survey. Where the language of a statute is plain, unambiguous, direct and certain the statute speaks for itself and there is nothing left for the court to construe. Keller v. Smith, _____Mont._____, 553 P.2d 1002, 33 St.Rep. 828; Dunphy v. Anaconda Co., 151 Mont. 76, 438 P.2d 660, and cases cited therein. Our function is simply to declare what in terms or substance is contained in the statute, and neither insert what has been omitted nor omit what has been inserted. Section

- 5 -

93-401-15, R.C.M. 1947; Clark v. Hensel Phelps Construction Co., _____ Mont. _____, 560 P.2d 515, 34 St.Rep. 61; Hammill v. Young, _____ Mont. _____, 540 P.2d 971, 32 St.Rep. 935.

Defendants argue, however, that such construction of the pertinent provisions of the Subdivision and Platting Act conflict with many recognized principles of statutory construction including the rule that a particular provision of a statute controls over a general provision (section 93-401-16, R.C.M. 1947; City of Billings v. Smith, 158 Mont. 197, 490 P.2d 221); that legislative intent must be determined by a consideration of the act as a whole (State ex rel. Jones v. Giles, _____ Mont. _____, 541 P.2d 355, 32 St.Rep. 983; State ex rel. Cashmore v. Anderson, 160 Mont. 175, 500 P.2d 921, cert. denied Burger v. Anderson, 410 U.S. 931, 93 S.Ct. 1372, 35 L Ed 2d 593; Sutherland, Statutory Construction, 4th Ed., Vol. 2A, Sec. 46.05, p. 56); that in construing a statute, the court should, where possible, adopt a construction which will give effect to all provisions (section 93-401-15, R.C.M. 1947; State Board of Equal. v. Cole, 122 Mont. 9, 195 P.2d 989); and that statutes should be construed to produce a reasonable result (section 49-134, R.C.M. 1947; Keller v. Smith, supra; Sutherland, Statutory Construction, 4th Ed., Vol. 2A, Sec. 46.05, p. 56).

The short answer to this contention is that these rules of statutory construction apply to cases involving conflicting or ambiguous provisions of a statute where the court is required to construe and interpret the meaning of a statute. They have no application where, as here, the language of the statute is clear and unambiguous. In the latter case, courts cannot go beyond the language of the statute and apply extrinsic rules of construction but must declare what the statute plainly states. Keller v. Smith, supra; Dunphy v. Anaconda, supra.

- 6 -

The two DCA regulations in question are identical.
They were promulgated and adopted by DCA as part of the Montana
Administrative Code, MAC 22-2.4B(6)-S420(4)(a) and MAC 22-2.4B(30)
-S4090(3)(a). They provide:

> "Procedures for divisions of land exempted from
> public review as subdivisions--use of exemptions
> for the purpose of evading the act. Unless the
> method of disposition is adopted for the purpose
> of evading the Montana Subdivision and Platting
> Act, divisions of land meeting the criteria set
> out in section 11-3862(6), R.C.M. 1947, are not
> subdivisions subject to review under the Act. To
> assure that the method of disposition is not
> used to evade the act the following requirements
> must be met in the use of exemptions.
>
> "(a) The exemptions contained in section 11-3862(6),
> R.C.M. 1947, do not apply to the resubdivision or
> redesign of subdivisions platted and filed with
> the clerk and recorder. Any such resubdivision or
> redesign must be reviewed and approved by the govern-
> ing body and an approved amended plat thereof must
> be filed with the clerk and recorder."

These regulations are in direct conflict with the provisions
of the Subdivision and Platting Act heretofore set forth in section
11-3862. They eliminate the statutory exemption as applied to
"resubdivisions or redesign" of platted and recorded subdivisions.
They require an amended plat reviewed and approved by the govern-
ing body to be filed with the clerk and recorder in direct con-
tradiction to the statutory exemption. They engraft additional
and contradictory requirements on the statute in the guise of
defining and implementing the evasion of statutory requirements.
They frustrate the purpose of the "occasional sale" exemption
of the Act. As such, the DCA regulations are void on their face.
See Bartels v. Miles City, 145 Mont. 116, 399 P.2d 768. It is
axiomatic that a statute cannot be changed by administrative
regulation. See Begay v. Graham, 18 Ariz.App. 336, 501 P.2d
964.

Defendants further contend that the DCA regulations are
clearly within the powers delegated to DCA by the legislature
and cite section 11-3863(2), R.C.M. 1947, providing that DCA

has authority to prescribe reasonable minimum requirements for subdivision regulations under the Subdivision and Platting Act which shall include detailed criteria for the content of the environmental assessment required by the Act and shall provide for review of preliminary plats.

This grant of authority does not include the right to promulgate regulations in direct conflict with the Act. Where, as here, the Act provides for exemption of occasional sales from the subdivision requirements, DCA cannot prescribe subdivision regulations eliminating the exemption for the reasons heretofore stated. An administrative agency is not a "super legislature" empowered to change statutory law under the cloak of an assumed delegated power.

Defendants next contend that a writ of mandate is not a proper remedy in this case. They argue that there is no clear legal duty to lift the sanitary restrictions or file the certificate of survey. They point out that the thrust of relator's complaint is that the DCA regulations are invalid which requires a declaratory judgment action rather than extraordinary relief by writ of mandate.

We hold there was a clear legal duty to lift the sanitary restrictions and file the certificate of survey. The DCA regulations were patently void on their face for reasons heretofore discussed and furnish no justification for refusal. The Bozeman Area Subdivision Regulations (Sec. 16.2) were void for the same reasons. The refusal to file the certificate of survey was not justifiable on the basis of section 69-5003(2) and (3), as this applies to subdivision plats and is inapplicable to the certificate of survey here and under our decision in State ex rel. Swart v. Stucky, ____Mont.____, 536 P.2d 762. The Subdivision and Platting Act (section 11-3872, R.C.M. 1947) specifically authorized the filing of the certificate of survey here.

A writ of mandate "may be issued * * * to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station * * *". Section 93-9102, R.C.M. 1947. The writ will issue only where the person seeking to invoke it is entitled to have the defendant perform a clear legal duty and there is no speedy or adequate remedy in the ordinary course of law. State ex rel. Kennedy v. Dist. Ct., 121 Mont. 320, 194 P.2d 256, 2 ALR2d 1050.

Here there was a clear legal duty the defendants were required to perform for the reasons heretofore stated. A declaratory judgment action would not necessarily get the certificate of survey filed in the light of previous difficulties between petitioner and the clerk and recorder in getting such certificates filed as evidenced in State ex rel. Swart v. Stucky, supra. A declaratory judgment action would not make petitioner whole as attorney fees are not allowable in such an action. A writ of mandate is the only remedy available to secure the ultimate relief sought by petitioner--to compel the lifting of sanitary restrictions, the filing of the certificate of survey, and an award of relator's attorney fees.

The award of attorney fees and costs solely against DCA is proper. The void DCA regulations are the root of relator's difficulties here. Accordingly, the assessment of attorney fees and costs entirely against DCA is justifiable.

We award additional attorney fees and expenses on appeal to relator solely against DCA in the amount of $973 as itemized in the affidavit filed herewith.

The judgment of the district court is affirmed.

_____
Justice

- 9 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13561

THE STATE OF MONTANA, ex rel.
CHARLES R. SWART,

Petitioner and Respondent,

vs.

EDWARD W. CASNE, CHIEF, SUBDIVISION BUREAU,
ENVIRONMENTAL SCIENCES DIVISION, MONTANA
DEPARTMENT OF HEALTH AND ENVIRONMENTAL SCIENCES;
CARL STUCKY, CLERK AND RECORDER FOR THE COUNTY
OF GALLATIN, STATE OF MONTANA; AND THE MONTANA
DEPARTMENT OF COMMUNITY AFFAIRS,

Respondents and Appellants.

FILED

JUN 9 - 1977

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

PER CURIAM:

The petition of the Montana Department of Community
Affairs and Edward W. Casne for rehearing and the response of
Charles R. Swart thereto with request for allowance of addi-
tional attorney's fees having been submitted to the Court for
decision,

IT IS ORDERED:

(1) That the following phrase be stricken from line 11
from the bottom of page 5 of the opinion:

" the lifting of sanitary restrictions by MDH",

(2) That the final paragraph on page 8 be stricken and
the following language substituted:

> "While MDH has the statutory authority under
> section 69-5003(3) to review a certificate of
> survey regarding sanitary restrictions, this
> provides no justification either for the MDH
> or the clerk and recorder to refuse to process
> relator's certificate of survey.  MDH's authority
> to review a certificate of survey under section
> 69-5001, et seq., R.C.M. 1947, relates to sewage
> disposal, water quality and availability, solid
> waste disposal and other environmental factors

- 1 -

such as recreation and wildlife. Section 69-5001, R.C.M. 1947. Here it is admitted that no such problems existed with respect to relator's certificate of survey. Rather, the sole reason for MDH's refusal to process relator's certificate of survey was its reliance on the invalid DCA regulations."

(3) Charles R. Swart's request for additional attorney's fees is denied.

(4) As so modified, the opinion of the Court is approved and confirmed and rehearing is denied.

DATED this 9th day of June, 1977.

_____
Chief Justice

_____

_____

_____

_____
Justices

- 2 -