No. 85-160

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

BARBARA WITHERS,

　　　　　Plaintiff and Appellant,

-vs-

COUNTY OF BEAVERHEAD, MONTANA,
et al.

　　　　　Defendants and Respondents.

---

APPEAL FROM:　District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable LeRoy McKinnon, Judge presiding.

COUNSEL OF RECORD:

　　　For Appellant:

　　　　　James J. Screnar, Bozeman, Montana

　　　For Respondent:

　　　　　W. G. Gilbert, III, County Attorney, Dillon, Montana

---

Submitted on Briefs: Sept. 19, 1985

Decided: Nov. 25, 1985

Filed: NOV 25 1985

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Barbara Withers petitioned the District Court of the Fifth Judicial District, County of Beaverhead, to issue a writ of mandamus commanding respondents, Beaverhead County, its Commissioners and its Clerk and Recorder to file a deed and certificate of survey transferring a parcel of property from Barbara Withers to her daughter, Amy Withers. The District Court denied the petition. We affirm the trial judge's refusal to grant the writ of mandamus.

Clark and Barbara Withers own land near Dillon, Montana. The Withers have been attempting to divide the land and convey parcels of it to various individuals for a number of years. In the late 1970's, Clark Withers submitted a six-lot subdivision proposal to the Beaverhead County Planning Board. That proposal was rejected by the Board as the proposed subdivision was in the middle of valuable agricultural land and its development would result in leapfrogging.

Thereafter, the Withers sold individual parcels of the proposed subdivision, apparently pursuant to § 76-3-207(1), MCA, which lists types of land transfers which are exempt from the subdivision regulations unless they are made for the purpose of evading those regulations. Clark Withers also deeded 51.74 acres located near the original proposed subdivision to his wife, Barbara. However, when the Withers next sought to have recorded five certificates of survey for parcels of land located between the proposed subdivision and Barbara's acreage, the Clerk and Recorder refused, stating that the transfers were attempts to evade the county's subdivision regulations. Beaverhead County then instituted a declaratory judgment suit to determine the nature of the various land transfers.

2

A decision was issued in that case on January 14, 1981, declaring the recorded transfers to be valid. Regarding the five certificates of survey the Clerk and Recorder refused to record, Judge Gordon Bennett stated:

> The Beaverhead County Commissioners have not acted at all, insofar as this record discloses, with regard to the question of whether the defendants in seeking to record deeds in connection with [the 5 certificates of survey] are attempting to evade subdivision requirements, or just trying to take advantage of occasional, family and purported "remainder" exemptions. If they are restricting the clerk on recording the instruments relating to these tracts without making such a determination they are acting arbitrarily, capriciously and unreasonably and without any authority in law. If they have made such a decision, it should be properly promulgated and communicated to the defendants without further delay.

He then ordered in a judgment dated June 11, 1981:

> 2. That if and when future certificates of survey or conveyance are presented to the commissioners of Beaverhead County, they will announce their conclusion in writing within thirty days, and after hearing thereon if they deem it appropriate, as to whether such certificates of survey or conveyance are for the purpose of evading the Montana Subdivision and Platting Act.

No further action was taken by the Withers until April of 1982, when Barbara attempted to deed property to her daughter, Amy Withers. The Clerk and Recorder refused to record the deed, contending that it was an attempt to evade the subdivision regulations. Acting on behalf of his wife, Clark Withers submitted the matter to the County Commissioners on July 7, 1982. The Commissioners advised the Withers to present the deed for approval as a minor subdivision, pursuant to county regulations. The Withers submitted to the County Planning Board an incomplete application for minor subdivision approval. Though repeatedly told the application was incomplete, the Withers did nothing else. Therefore, the Plat Review Committee

3

recommended to the Planning Board that the application not be approved. It was not.

The incomplete application was resubmitted to the Planning Board by the Withers in January of 1983. Despite numerous communications from the Board and the Committee, the Withers again failed to complete the application and the Committee again rejected the application. Thereafter, Clark Withers withdrew the application and resubmitted the certificate of survey and deed to the Clerk and Recorder for recording. Once again she refused to record the deed.

Barbara Withers then petitioned the trial court to issue a writ mandating that the deed to her daughter be recorded. Following a hearing, Judge McKinnon issued findings of fact, conclusions of law and a judgment on January 28, 1985, denying petitioner's request. She appeals, raising the following issues:

1. Whether the actions of the Clerk and Recorder of Beaverhead County and the Commissioners in refusing to record the deed from Barbara Withers to Amy Withers as an exempt family transaction is arbitrary, capricious and in violation of the law and of the judgment issued by Judge Bennett in 1981?

2. Whether the actions of the Clerk and Recorder and the Commissioners are arbitrary, capricious and in violation of the law, thus entitling appellant to a writ of mandate?

3. Whether the trial judge erred in permitting into evidence exhibits 2, 3, 5, 6, 7, 8, 9, 10, 23, 24, 25, 26 and 27 and the testimony surrounding them?

Barbara Withers contends that the Commission acted arbitrarily and capriciously in refusing to record her deed. Then, citing numerous Montana cases, she asserts that because

4

of the Commission's manifest abuse of discretion, a writ of mandate should issue compelling the recording of her deed.

> As a general rule mandamus is available only to compel performance of a clear legal duty not involving discretion. McCarten v. Sanderson, 111 Mont. 407, 109 P.2d 1108, 132 A.L.R. 1229. "But even where discretion is involved, if there has been such an abuse as to amount to no exercise of discretion at all, mandamus will lie to compel the proper exercise of the powers granted." Skaggs Drug Centers v. Mont. Liquor Control Board, 146 Mont. 115, 124, 404 P.2d 511, 516. This court has indicated that arbitrary or capricious action by an administrative board is an abuse of discretion. State ex rel. Sanders v. Hill (P.E.R.S.), 141 Mont. 558, 381 P.2d 475.

Paradise Rainbows v. Fish and Game Commission (1966), 148 Mont. 412, 417, 421 P.2d 717, 720.

The trial court found no abuse of discretion by the County Commission. Therefore, since the act sought to be compelled is discretionary, the writ of mandamus was not issued.

We affirm the decision of the trial court. In his 1981 judgment, Judge Bennett essentially ordered the Beaverhead County Commissioners to determine, in the event any conveyance of land was attempted by the Withers in the future, whether that conveyance would violate the county's subdivision regulations. Pursuant to § 76-3-501, MCA, the County Commissioners established a procedure for making that determination. At the time Barbara attempted to convey this parcel of land to her daughter, the procedure allowed the Clerk and Recorder, pursuant to established guidelines and subject to review, to determine whether the conveyance was an attempt to evade those regulations. Such delegation of authority by local governments is widely recognized and approved so long as it is accompanied by guidelines for the exercise of that authority. See C. Rhyne, The Law of Local Government Operations (1980), §4.10 and §6.2. The Clerk and

5

Recorder determined the conveyance to be an attempted evasion. On review of the decision, the Commissioners made the same determination. Therefore, both the law and Judge Bennett's order were followed.

Furthermore, there is substantial credible evidence to support the determination. The evidence, as set forth below, indicates that the Withers have been attempting to "subdivide" their acreage outside Dillon, Montana, for a number of years.

Since neither the Clerk and Recorder nor the County Commissioners acted arbitrarily or capriciously in refusing to record Barbara Withers' deed and since such a decision is a discretionary function, a writ of mandamus shall not lie. State ex rel. Barnes v. Town of Belgrade (1974), 164 Mont. 467, 470, 524 P.2d 1112, 1113.

Finally, we see no error in the trial court's consideration of evidence presented in the earlier case before Judge Bennett, specifically certificates of survey previously filed by the Withers and recorded and maps illustrating how those certificates relate to the subdivision earlier proposed by the Withers but denied by the County. Relevant proof in a mandamus action was delineated by this Court in Stabler v. Porter (1924), 72 Mont. 62, 66, 232 P. 187, 189.

> "The applicant must in all cases substantially demonstrate the propriety and justice of his case. Nor is the court bound to take the case as the applicant presents it. It may consider defendant's rights, the interest of third persons, the importance or unimportance of the case, and the applicant's conduct, in determining whether or not the writ shall go [emphasis supplied]." Quoting 26 Cyc. 144.

The evidence complained of is very relevant to the Withers' overall conduct with respect to their land holdings

during the past few years and is thus admissible. Rule 401, M.R.Evid.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7