No. 88-211

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

THE STATE OF MONTANA, ex rel., TAMMY L. LEACH and CRAIG S. LEACH, GREGORY LEACH, and SUSAN LEACH,

Petitioners and Appellants,

-vs-

WILBUR VISSER, JANE JELINSKI, and RAMON S. WHITE, THE GALLATIN COUNTY BOARD OF COMMISSIONERS,

Respondents and Respondents.

---

APPEAL FROM: District Court of the Eighteenth Judicial District, In and for the County of Gallatin, The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Eula Compton, Bozeman, Montana

For Respondent:

A. Michael Salvagni, County Attorney, Bozeman, Montana; James D. McKenna, Deputy County Attorney

---

Submitted on Briefs: Aug. 11, 1988

Decided: November 1, 1988

Filed:

FILED '88 NOV 1 AM 10 42 CLERK MONTANA SUPREME COURT

Ethel M. Harrison

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

State law permits a single division of a parcel of land outside of platted subdivisions without a local subdivision review when the transaction is an occasional sale. An "occasional sale" means one sale of a division of land within any 12 month period. State law also limits a single division of a parcel of land if "the method of disposition is adopted for the purpose of evading" local subdivision review. Gallatin County has adopted Subdivision Regulation 2.b.(3)(b) to the effect that an occasional sale is an evasion of local subdivision review if "a parcel contiguous to the parcel to be transferred has been previously transferred by the same transferor as an occasional sale."

Tammy Leach proposed a division of a certain Tract 14 as an occasional sale. The tract of the proposed division was contiguous to a tract which had earlier been transferred as an occasional sale to Tammy Leach. On that basis, the District Court, Eighteenth Judicial District, Gallatin County, determined that the attempted division of Tract 14 did not qualify for an occasional sale of land and was not, therefore, exempt from local subdivision review. The District Court denied a petition for a peremptory writ of mandamus.

We determine here that Gallatin County Subdivision Regulation 2.b.(3)(b) directly conflicts with the provisions of § 76-3-207, MCA, permitting single divisions of land parcels outside of platted subdivisions when they qualify as occasional sales. We therefore reverse and remand this cause with directions to the District Court to issue a writ of mandate to the respondents to permit the proposed division of land.

The findings of fact of the District Court adequately describe the problem. In 1981, the Leach family purchased 265 acres of land in Gallatin County. A 20-acre tract within the purchase, Tract 12, was divided without subdivision review in 1983 into two 10-acre tracts. Tract 12B was conveyed away. In 1984, Tract 13 was divided without local subdivision review into two 10-acre tracts and Tract 13A was conveyed away. In May, 1985, petitioner Tammy Leach acquired Tract 13B. In 1984, the Leach family conveyed Tract 14 to Craig, Don, Gloria and Tammy Leach. Later, in 1984, Tract 14 was sold to petitioners Gregory and Susan Leach. The present controversy involves an attempt to divide Tract 14. Petitioner Tammy Leach would become the owner of Tract 14A. In 1986, the proposed division of land of Tract 14A to Tammy Leach was rejected by the County Commission because the proposed transfer was contiguous to the transfer of Tract 13B; and so under the Gallatin County subdivision regulations did not qualify as an "occasional sale." Another request for the transfer of Tract 14A to Tammy Leach was considered by the County Commission and denied in February, 1987.

The decision of the County Commission not to approve the division of land proposed by the Leaches was conveyed to them by a letter signed by the Commissioners, dated February 25, 1987. The letter recited the history of the transfers of the tracts as above enumerated and pointed out that the county subdivision rules "do not allow a parcel contiguous to the parcel to be transferred if it has been previously transferred by the same transferor as an occasional sale." Based on that history, the Commission "determined that the method of disposition of the land was adopted for the purpose of evading the requirements of Title 73, Ch. 2, Pt. 2, MCA (the local subdivision review requirements).

The petitioners filed an action in the District Court for a writ of mandate directing the County Commission to permit the division of land as proposed. The District Court, after entering findings of fact and conclusions of law, denied the petition for peremptory writ of mandamus on January 23, 1988. From that order of denial the petitioners have appealed to this Court.

The issues presented by the Leaches are:

1. In accordance with §§ 76-3-207 and 76-3-103(7), MCA, a landowner may enter into one occasional sale each and every year without the sale or a series of sales being deemed subject to local subdivision review.

2. The Gallatin County Subdivision regulation is void as eliminating the statutory exemption for occasional sales.

3. Gallatin County's subdivision regulations violate the Montana and United States Constitutions.

In answer, the Commission contends that: (1) the Gallatin County subdivision regulations are reasonable and not in conflict with state law; (2) the County Commission is given discretion to determine whether a proposed division of land is for the purpose of evading the Subdivision and Platting Act; and, (3) the constitutional arguments should not be considered because they were not presented in the District Court.

The principal issue in this case is controlled by our decision in State of Montana ex rel. Swart v. Casne, et al. (1977), 172 Mont. 302, 564 P.2d 983. In that case, the same provisions now contained in § 76-3-207, MCA, and § 76-3-103(7), MCA, were involved, though contained in earlier numbered statutes. In that case, Gallatin County had adopted a regulation to the effect that the exemption contained in [§ 76-3-207] did not apply to the resubdivision or redesign of a subdivision platted or filed with the clerk and recorder.

Swart owned five lots in a platted subdivision which he had proposed to divide by drawing a straight line dividing each lot into substantially equal parts, and transferring one of the halves as an occasional sale of the property. His proposal was denied by the County Commission, and he applied to the District Court for a writ of mandate, directing the Commission to permit the division. The District Court granted a writ of mandate, and the decision was affirmed on appeal to this Court. In affirming, this Court said:

> These regulations are in direct conflict with the provisions of the Subdivision and Platting Act heretofore set forth in § [76-3-207]. They eliminate the statutory exemption as applied to "resubdivisions or redesign" of platted and recorded subdivisions. They require an amended plat reviewed and approved by the governing body to be filed with the clerk and recorded in direct contradiction to the statutory exemption. They engraft additional and contradictory requirements on the statute in the guise of implementing the evasion of statutory requirements. They frustrate the purpose of the "occasional sale" exemption of the Act. As such, the . . . regulations are void on their face. See Bartels v. Miles City, 145 Mont. 116, 399 P.2d 768. It is axiomatic that a statute cannot be changed by administrative regulation. See Begay v. Graham, 18 Ariz. App. 336, 501 P.2d 964.

172 Mont. at 308, 564 P.2d at 986.

In this case, we are faced with the exact problem that came before this Court in Swart. Here, the earlier divisions of tracts qualified as occasional sales because more than 12 months elapsed between each division of the parcels. In the case directly before us, the transfer to Tammy Leach has been refused because it is contiguous to a tract that had earlier qualified as an occasional sale, although in the present case, more than a year has elapsed from the time of the earlier transfer. The effect of the continguous tract

provision in the Gallatin County Subdivision Regulations is, in the words of Swart, to "engraft additional and contradictory requirements on the statute in the guise of implementing the evasion of statutory requirements." The Gallatin County regulation is therefore impermissible because, in the language of Swart:

> This grant of authority does not include the right to promulgate regulations in direct conflict with the Act. Where, as here, the Act provides for exemption of occasional sales from the subdivision requirements, DCA cannot prescribe subdivision regulations eliminating the exemption for the reasons heretofore stated. An administrative agency is not a "super legislature" empowered to change statutory law under the cloak of an assumed delegated power.

172 Mont. at 308-09, 564 P.2d at 986.

For the same reasons, the contention of the County Commission that it has discretion to determine whether the method of disposition is adopted for the purpose of evading § 76-3-207, MCA, has no merit. Plainly, under our statutes, a landowner is permitted a single division of a parcel outside of a platted subdivision if the division and any other division do not occur within any 12 month period. The County Commission has no discretion to deny a division of land if the landowner otherwise complies with the exemptions provided to him under the statutes for a single division of land.

There is no need to address the constitutional issues raised by the Leaches since we determine that the county regulation is void.

The Commission, however, further contends that a declaratory judgment rather than a writ of mandate is a proper remedy in this cause. The County Commission points to decisions in other states which hold that a declaratory judgment action is a proper method of challenging a zoning

ordinance and that a writ of mandamus in this case is inappropriate since the county had no legal duty to disregard its own regulations. Again, this contention was answered in Swart:

> Here there was a clear legal duty the defendants were required to perform for the reasons heretofore stated. A declaratory judgment action would not necessarily get the certificate of survey filed in the light of previous difficulties between petition and the clerk and recorder in getting such certificates filed as evidenced in State ex rel. Swart v. Stuckey, supra. A declaratory judgment action would not make petitioner whole as attorneys fees are not allowable in such an action. A writ of mandate is the only remedy available to secure the ultimate relief sought by the petitioner--to compel the lifting of sanitary restrictions, the filing of a certificate of survey, and an award of relator's attorney fees.

172 Mont. at 309, 310, 564 P.2d at 987.

In order for the petitioners to obtain complete relief, a writ of mandate is proper in this cause. Accordingly, we reverse and remand to the District Court with instructions to issue a writ of mandate directed to the County Commission to permit the division of land as proposed by Tammy Leach, and for such other relief as may be appropriate for a writ of mandate in this cause.

John C. Sheehy
Justice

We Concur:

J. A. Turnage
Chief Justice

John Conway Harrison

[signature]

L. C. Gulbrandson

William E. Hunter

R. C. McDonough

Justices