IN THE SUPREME COURT OF THE STATE OF MONTANA
No. 88-211A



THE STATE OF MONTANA, ex rel.,          )
TAMMY L. LEACH and CRAIG S. LEACH,      )
GREGORY LEACH, and SUSAN LEACH,         )    OPINION AND ORDER ON
    Petitioners and Appellants,     )    PETITION FOR REHEARING
    -v-                             )
WILBUR VISSER, JANE JELINSKI, and       )
RAMON S. WHITE, THE GALLATIN COUNTY)
BOARD OF COMMISSIONERS,                 )
    Respondents and Respondents.    )

The County Commission of Gallatin County has petitioned for rehearing of our opinion promulgated November 1, 1988, on the grounds that the opinion is in conflict with an earlier decision of this Court, Withers v. Beaverhead County (1985), 710 P.2d 1339, 42 St.Rep. 1730 and that language in our opinion of November 1, 1988, eliminates the discretion of a county commission to determine if a proposed division of land is an attempt to evade subdivision review.

The Attorney General, appearing on behalf of the State of Montana as amicus curia, supports the petition for rehearing, contending that the Gallatin County regulation was properly found by this Court to be void, but that certain language in our opinion is extraneous to the decision and that the extraneous language is contrary to controlling Montana case law. Several county attorneys, acting for their respective counties, join in the State's brief. They are the county attorneys from Missoula County, Flathead County, and Lewis and Clark County. In addition, Flathead County has filed a supporting amicus curia brief, and a response to the amicus curia brief for the State of Montana, the latter

1

directed to a fear that the State may have conceded in its amicus brief that under all situations the local governing body would be deemed to be abusing its discretion in denying the use of an occasional sale exemption if that exemption were proposed only once during a twelve-month period on a division of land.

The respondents have filed a responsive brief contending that the petition for rehearing is groundless.

For ease of reference, we set out the Gallatin County subdivision regulation in question:

> b. Exemption as an occasional sale.
> (1) An occasional sale is one (1) a sale of a division of land within any 12-month period. The 12-month period commences upon sale of the division of land.
> (2) The proper use of an occasional sale exemption is to create a single division of a parcel from any tract or from continuous tracts of land.
> (3) The governing body shall declare a proposed division of land as an occasional sale to be an evasion of the act if it is determined that one or more of the following conditions exist:
> (a) the proposed new parcel is part of a parcel which was created under the occasional sale or family conveyance exemption of the act; or
> (b) a parcel contiguous to the parcel to be transferred has been previously transferred by the same transferor as an occasional sale; or
> (c) the creation of the proposed parcel would leave 2 or more parcels of less than 20 acres.

The pertinent statutory provision to which the Gallatin County subdivision regulations relate are these:

> 76-3-207. . . . unless the method of disposition is adopted for the purpose of evading this chapter, the following division of land are not subdivisions under this chapter . . .
> . . .

(d)  a single division of a parcel outside of platted subdivisions when the transaction is an occasional sale; . . .

76-3-103.  _Definitions._  As used in this chapter, unless the context or subject matter clearly requires otherwise, the following words or phrases shall have the following meanings:

. . .

(7)  "Occasional Sale" means one sale of a division within any 12-month period.

In this case, Tammy Leach proposed a division of a certain tract 14 as an occasional sale.  The tract of the proposed division was contiguous to a tract which had earlier been transferred as an occasional sale to Tammy Leach.  The "governing body", the county commission of Gallatin County, determined that since the parcel is contiguous to a parcel which had earlier been transferred by the same transferor as an occasional sale, under the Gallatin County regulation the Tammy Leach proposal did not qualify as an occasional sale and so the division was denied.  More than a year had elapsed from the time of the earlier transfer.

It is obvious that the Gallatin County subdivision regulation which sets out a _per se_ or automatic rule to determine when a proposed division of land is an evasion of the act engrafts additional and contradictory requirements on the statute providing for occasional sales without regard to whether the _purpose_ of the proposed divider is to evade subdivision review.  As such the regulation is void.  All of the amici appearing herein (but not Gallatin County) concede that the regulation is void and that mandamus is proper in the premises.  What they seek, however, is to have us delete from our opinion of November 1, 1988, the following language:

> For the same reasons, the contentions of the county commission that it has discretion to determine whether the method of disposition is adopted for

3

the purpose of evading § 76-3-207, MCA, has no merit. Plainly, under our statutes, a landowner is permitted a single division of a parcel outside of a platted subdivision if the division and any other division do not occur within any 12-month period. The county commission has no discretion to deny a division of land if the landowner otherwise complies with the exemptions provided to him under the statutes for a single division of land.

All of the amici contend that the foregoing paragraph takes away from the county commissioners the power to determine whether in fact a proposed division of land submitted as an occasional sale or under some other exemption of the act is an evasion of subdivision review. Such was not our intention, and the point requires discussion.

There is an inherent conflict between the statutory allowance of an occasional sale without subdivision review, and the condition "unless a method of disposition is adopted for the purpose of evading this chapter." A landowner proposing to divide land under the occasional sale exemption obviously contemplates avoiding subdivision review by the governing body. Whether such an avoidance is for the purpose of evasion is quite another factual question. We have no direct guidance from the legislature through its statutes to determine the difference between avoidance and evasion.

In Withers v. Beaverhead County, supra, this Court had before it a situation where Barbara Withers attempted to deed property to her daughter Amy Withers under the immediate family exemption of § 76-3-207(b), MCA. When her deed and certificate of survey were rejected by the county authorities, she sought mandamus in the district court. The district court considered the earlier history of the family pertaining to land divisions, determined that the proposed division to the daughter was for the purpose of evading subdivision review, and denied mandamus. This Court on

4

appeal held that there was no abuse of discretion by the county commission in so determining, and therefore denied mandamus. 710 P.2d at 1339, 1341.

In this difficult field, the word "discretion" is itself a confusing term. It can have two meanings, as discussed by this Court in Kujich v. Lillie, 127 Mont 125, 137-38, 260 P.2d 383. There we said:

> Discretion. The term "discretion" denotes the absence of a hard and fast rule. (citing a case)
> The establishment of a clearly defined rule would be the end of discretion. (citing authority)
> 1 Bouvier's Law Dictionary, Rawle's 3rd Rev., p. 884, has defined "discretion" in part as: "That part of the judicial function which decides questions arising in the trial of a cause, according to the particular circumstances of each case, and as to which the judgment of the court is uncontrolled by fixed rules of law.
> "'Discretion when applied to a court of justice means sound discretion guided by law.' 4 Burr. 529. Judicial discretion is a mere legal discretion--a discretion in discerning the course presented by law; and what has been discerned it is the duty of the court to follow. (citing authority) . . . 'A legal discretion is one that is regulated by well known and established principles of law.' (citing authority)
> "'But if the word discretion in this connection [injunction] is used in a secondary sense, and by it is meant that the chancellor has the liberty and power of acting, in finally settling property rights, at his discretion, without the restraint of the legal and equitable rules governing those rights, then I deny such power.'" (citing authority).

The use of the term "discretion" by the author of our opinion of November 1, 1988, in the case at bar, and by this Court in Withers, supra, may have been unfortunate. What is really meant is that the governing bodies have the power and duty to evaluate and determine from all the circumstances whether the proposed division of land is based on a purpose

5

to evade the subdivision requirements. The Attorney General recognized this distinction in an opinion issued by him on July 20, 1983 (40 Opinions A.G. No. 16) in response to a question from the city attorney of Missoula where a developer had completed and submitted for filing a fourth certificate of survey dividing a tract into five lots, four of which were to be conveyed as occasional sales, and the question asked was, whether under these facts, are the claimed "occasional sales" subject to review under the act on the grounds that the exemptions are claimed "for the purpose of evading" the act.

The Attorney General answered in part:

> . . . I have consistently declined to address such questions in the context of an advisory opinion. However, to assist you in analyzing the issue I offer the following observations. As a statute promoting public health and welfare, the Subdivision and Platting Act must be literally construed to effectuate its object. Its exemptions must be narrowly applied. State ex rel., Florence Carlton School District v. Board of County Commissioners, 180 Mont. 285, 291, 590 P.2d 602, 605 (1978). A local government may legitimately require one claiming an exemption from the Act's requirements to make some evidentiary showing that the exemption is justified. . . It would also be legitimate for the local government to establish by rule some sort of hearing procedure to allow the local government to evaluate the evidentiary basis for the claimed exemption and to allow or disallow it. . . . In contrast, a regulation establishing procedures for evaluation of a claimed exemption gives substance to the Act's policy of local government control of land use and is certainly consistent with the Act's requirements.

Evaluation and determination of a factual issue is different from "discretion." Since the legislature has provided that the occasional sale exemption is subject to the condition that it not be for the purpose of evading

subdivision review, a determination (not discretion) by a governing body based on stated facts which show such a purpose is within the power of the governing body. This Court has never intended otherwise.

Based on the foregoing discussion therefore we eliminate from our original opinion the paragraph objected to by the county commission and by amici. Aside from that exception, the opinion as originally promulgated stands as issued. The petition for rehearing is otherwise denied.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices

7