JUSTICE SHEEHY,
dissenting:
This is indeed a harsh result. The biblical avouchment that the laborer is worthy of his hire applies even to lawyers.
I don’t understand the majority opinion. It affirms that waiver of a debt owed by the worker to another, where the waiver is gained through the attorney’s effort, is a benefit to the claimant for which the attorney should receive compensation. Then the majority assert that his compensation is limited to moneys “the claimant receives.” The majority derive that clause from a regulation adopted by the Department. However the regulation itself is a departure from the language of the statute on which the regulation must depend. Section 39-71-613(2) provides the Department may regulate attorneys fees, but in so regulating, says the statute, the Department shall consider: “(a) the benefits the claimant gained due to the efforts of the attorney.”
According to my dictionary (Webster’s New Collegiate Dictionary (1981)) “receive” means “to come into possession of’; on the other hand, “gain” refers to “resources or advantage acquired or increased”; or again, “to cause to be obtained or given.” Here, Mrs. Young did not receive money when the debts were forgiven; she gained an advantage in not having to pay the debts.
In Board of Barbers v. Big Sky College, Etc. (1981),_Mont. *534 _, 626 P.2d 1269, 1271, an administrative rule that required a year’s apprenticeship in “a commercial barbershop” prior to examination, when the statute required a year’s apprenticeship served “under the immediate personal supervision of a licensed barber” was held invalid. In State ex rel. Swart v. Casne (1977), 172 Mont. 302, 308-309, 564 P.2d 983, 986, this Court struck down a rule of the Department of Health that defined “Occasional sale” in conflict with the statute on the same subject. Those cases should lead us here to say that the regulation, Section 24.29.3801 (ARM (1985)) is an invalid restriction on the right of an attorney to be paid for his work under § 39-71-613(2), MCA.
Hartford, of course, is not entitled to attorney fees for the two advances totaling $3,000.00, nor for the advance of $12,466.65 for which he was paid. He was mistaken as to those items, but against those items must be weighed the threat, now actuality, that he should get no fees for his successful representation of his client. The positions of the Department and Hartford hardened, and vengeance set in. He gained for his client, according to my calculations, $63,087.05, for which he was entitled to $15,771.76 in attorney fees. A loss of that amount is a very severe jolt to an attorney whose livelihood depends on success, and losers are loss items. Hartford is being punished for daring to stand up to the Department and to insist on his rights.
I can’t think of a criminal case in our state where a fine exceeding $15,000.00 was ever assessed. Hartford is being treated worse than a criminal.
I would order payment to Hartford of his rightfully earned attorney fees.