No. 92-316

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN THE MATTER OF THE ESTATE OF

BERGER O. MEBUST, Deceased.

FILED

DEC 1 - 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Matthew W. Knierim and Francis Gallagher, Gallagher,
Archambeault & Knierim, Glasgow, Montana

For Respondent:

Warren C. Wenz and Kirk D. Evenson, Marra, Wenz,
Johnson & Hopkins, Great Falls, Montana

Keith Maristuen, Bosch, Kuhr, Dugdale, Martin &
Kaze, Havre, Montana

Waldo Spangelo and James Spangelo, Spangelo Law
Firm, Havre, Montana


Submitted on Briefs: November 5, 1992

Decided: December 1, 1992

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Kristina Hanson, a niece of decedent Berger O. Mebust, appeals from an order of the District Court for the Twelfth Judicial District, Hill County, concerning distribution of Mebust's estate. We affirm.

The issue is: How does representation occur under Montana law when the only surviving heirs of an intestate decedent are the children and grandchildren of predeceased brothers and sisters?

Berger O. Mebust died intestate in February 1991. He left no surviving spouse or parents and had no children. He had three brothers, Pete, Hans, and Einar, and one sister, Lillian, all of whom predeceased him.

Pete had two children, both of whom are deceased, one leaving three children who survive and another leaving four children who survive. Hans had three children, all of whom survive. Einar had one child who survives. Lillian had five children, four of whom survive and one who is survived by a child.

In October 1991, the District Court entered an order indicating its intent to divide the estate into eleven equal shares, one for each of Mebust's nieces and nephews. It further indicated its intent to distribute a one-eleventh share to each of the eight surviving nieces and nephews and to divide the one-eleventh share of each of the three deceased nieces and nephews among his or her

2

surviving children. The court allowed any interested person to argue why a different distribution should be made.

Four of the heirs, including appellant Kristina Hanson, petitioned the court to divide the estate into four equal shares, one for each of Mebust's brothers and sister, and to distribute the estate to the issue of such deceased sibling based on such sibling's one-fourth share. Under that scheme of distribution, Hanson, as the only child of Einar, would receive a one-fourth, rather than a one-eleventh, share of the estate.

After considering the arguments, the District Court reaffirmed its decision that under Montana's statutes, the distributable estate should be divided into eleven shares. The court certified its decision pursuant to Rule 54(b), M.R.Civ.P., to allow for immediate appeal to this Court.

Section 72-2-203, MCA, the applicable intestate succession statute, provides:

> The part of the intestate estate not passing to the surviving spouse under 72-2-202, or the entire intestate estate if there is no surviving spouse, passes as follows:
>
> . . .
>
> (3) if there is no surviving issue or parent, to the brothers and sisters and the children or grandchildren of any deceased brother or sister, by representation;
>
> (4) if there is no surviving issue, parent, brother, sister, or children or grandchildren of a deceased brother or sister, to the next of kin in equal degree, except that where there are two or more collateral

3

kindred in equal degree but claiming through different ancestors, those who claim through the nearer ancestors must be preferred to those claiming through an ancestor more remote.

The District Court ruled that subsection (3) applies in this case. Hanson argues that both subsection (3) and subsection (4) apply.

Hanson supports her interpretation with an argument concerning the legislative intent and history of § 72-2-203, MCA. However, Montana has long recognized that where the language of a statute is clear and unambiguous, other rules of statutory construction do not apply. See, e.g., State ex rel. Swart v. Casne (1977), 172 Mont. 302, 307, 564 P.2d 983, 985-86.

By its clear and unambiguous terms, subsection (4) of § 72-2-203, MCA, applies only if there are no surviving "issue, parent, brother, sister, <u>or children or grandchildren of a deceased brother or sister</u>." In this case, as the District Court pointed out, there are surviving children and grandchildren of Mebust's deceased brothers and sister. Therefore, we conclude the District Court was correct in applying only subsection (3).

The District Court applied the definition of "representation" provided at § 72-2-204, MCA:

> If representation is called for by this code, the estate is divided into as many shares as there are surviving heirs in the nearest degree of kinship and deceased persons in the same degree who left issue who survive the decedent, each surviving heir in the nearest degree receiving one share and the share of each deceased person in the same degree being divided among his issue in the same manner.

4

Hanson claims the specific provisions of subsections (3) and (4) of § 72-2-203, MCA, override the above definition of "representation." Relying on her argument concerning legislative intent, she asserts those provisions declare that the children or grandchildren of any deceased brother or sister will take the share their parent would have taken had the parent survived the decedent.

We have stated that clear statutory language controls over other rules of statutory construction and that subsection (4) does not apply in this case. Subsection (3) does not define "by representation," but the clear language of § 72-2-204, MCA, does, and applies wherever "representation is called for by this code." Hanson's argument therefore fails.

Applying § 72-2-204, MCA, to this case, the nearest degree of kinship in which there are surviving heirs is that including Mebust's nieces and nephews. Therefore, we hold that the District Court was correct in dividing the estate into equal shares for the nieces and nephews and, where the niece or nephew predeceased Mebust, dividing that person's share among his or her issue.

Affirmed.

_____
Chief Justice

We concur:

_William E. Hunt Sr._

_Justices_