No.  92-300

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE STATE OF MONTANA EX REL.
VERA L. DREHER,

Plaintiffs and Appellants,

v.

DAVID E. FULLER, LINDA STOLL-ANDERSON
and JIM CAMPBELL, THE LEWIS AND
CLARK COUNTY BOARD OF COMMISSIONERS,

Defendants and Respondents.

FILED

MAR 3 1 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Jacqueline T. Lenmark, Keller, Reynolds,
                Drake, Johnson & Gillespie, Helena, Montana

        For Respondent:

                Mike McGrath, Lewis & Clark County Attorney,
                K. Paul Stahl (Argued), Lewis & Clark Deputy
                County Attorney, Helena, Montana

        For Amicus Curiae:

                Tom K. Hopgood, Luxan & Murfitt, Helena,
                Montana; James G. Goetz, Richard J. Dolan,
                Goetz, Madden & Dunn, Bozeman, Montana;
                Mona Jamison, Attorney at Law, Helena, Montana


                        Submitted:  February 10, 1993

                        Decided:  March 31, 1993

Filed:

_____
                 Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Vera L. Dreher appeals from an order of the First Judicial District Court, Lewis and Clark County, dismissing her action seeking a writ of mandamus and declaratory judgment that the Montana Subdivision and Platting Act is unconstitutional. We affirm.

Appellant presents several issues and sub-issues for this Court to review. We restate the issues as follows:

1. Does the Montana Subdivision and Platting Act impermissibly delegate legislative authority to the Lewis and Clark County Commissioners?

2. Does the "rebuttable presumption" of evasion contained in the Lewis and Clark County subdivision regulations violate the due process rights of appellant?

3. Does the retroactive use of valid subdivision exemptions to establish an impermissible "pattern" of land divisions impair the substantive rights of appellant?

This case comes on for appeal with an agreed statement of facts. In 1962, Dreher and her husband purchased approximately 132 acres of land in Colorado Gulch, located just west of Helena. From 1963 until 1989, Dreher sold various parcels of the original tract to other parties. Many of the conveyances were under the appropriate exemptions of the Montana Subdivision and Platting Act (Act).

On June 7, 1988, the Lewis and Clark County Board of Commissioners approved a resolution adopting subdivision regulations for the County under the authority of § 76-3-501, MCA. The regulations included "Criteria for Review of Claimed Exemptions from Provisions of Subdivision and Platting Act." Subdivision Regulations Appendix J, J-1 to J-7.

On April 3, 1989, Dreher applied for approval of the creation of a six-acre tract based on an occasional sale exemption. On May 9, 1989, Lewis and Clark County denied the request on the basis that the proposed division did not comply with the newly enacted county subdivision regulations.

The regulations in question creates a rebuttable presumption that the division was an inappropriate use of the occasional sale exemption. The rebuttable presumption arose because previous transactions within the original parcel created three or more parcels that were subdivided from the original tract; the division fit a pattern of land divisions and transfers; and the division was similar to prior transfers from the original tract of land. See, Subdivision Regulations Appendix J, Section D(4)(b)(3), (5), and (6).

Based upon the County's denial of the proposed division, appellant filed an action in District Court seeking a writ of mandamus and declaratory judgment alleging the unconstitutionality of the Act. The District Court ruled against appellant on April 17, 1992. It is from this order that appellant appeals.

3

I.

Does the Montana Subdivision and Platting Act impermissibly delegate legislative authority to the Lewis and Clark County Commissioners?

When determining the constitutionality of a statute, we give a strong presumption that the statute is constitutionally valid. McClanathan v. Smith (1980), 186 Mont. 56, 606 P.2d 507. Presumption of the validity applies to all legislative enactments and it is this Court's responsibility to resolve all conceivable doubts in favor of the validity of the statute when possible. McClanathan, 606 P.2d at 512. The party challenging the constitutional validity of a statute has the burden of proving its unconstitutionality. McClanathan, 606 P.2d at 512.

The Montana Subdivision and Platting Act was enacted by the Legislature in 1974 to give local government entities the power to regulate subdivision development to protect the health, safety, and welfare of the public. Sections 76-3-102 and -501, MCA. Legislation enacted for such a beneficent purpose is to be liberally construed. State ex rel. Florence-Carlton School District No. 15-16 v. Board of County Commissioners of Ravalli County (1978), 180 Mont. 285, 291, 590 P.2d 602, 605. Accordingly, the exemption provisions of the Act are to be generally given a narrow interpretation. Florence-Carlton School Dist., 590 P.2d at 605.

Section 76-3-501(1) and (2), MCA, grants the following authority to local entities:

(1) Before July 1, 1974, the governing body of every county, city, and town shall adopt and provide for the enforcement and administration of subdivision regulations reasonably providing for the orderly development of their jurisdictional areas . . .

(2) Review and approval or disapproval of a subdivision under this chapter may occur only under those regulations in effect at the time an application for approval of a preliminary plat or for an extension under 76-3-610 is submitted to the governing body.

As set out in § 76-3-207, MCA, the Act exempts certain conveyances including "occasional sales" from its mandate:

(1) . . . [U]nless the method of disposition is adopted for the purpose of evading this chapter, the following divisions of land are not subdivisions under this chapter . . .

. . . .

(d) a single division of a parcel outside of platted subdivisions when the transaction is an occasional sale . . . . [Emphasis added.]

An "occasional sale" is defined as "one sale of a division of land within any 12-month period." Section 76-3-103(7), MCA.

Appellant claims that the statutory preamble to the Act's exemptions amounts to an unconstitutional delegation or usurpation of legislative authority on the basis that the Act contains insufficient guidelines as set out in §§ 76-3-102 and -501, MCA. Appellant relies primarily upon Douglas v. Judge (1977), 174 Mont. 32, 568 P.2d 530, which is based upon our holding in Bacus v. Lake County (1960), 138 Mont. 69, 354 P.2d 1056.

5

In Bacus, the Legislature gave power to the county boards of health to enact rules and regulations "pertaining to the prevention of disease and the promotion of public health" over their areas of jurisdiction "but in no instance shall such rules and regulations be less effective than, nor in conflict with, rules and regulations promulgated by the state board of health." Bacus, 354 P.2d at 1060 (citing § 69-809 R.C.M. (1947)). We held that "if the legislature *fails to prescribe with reasonable clarity the limits of power delegated to an administrative agency, or if those limits are too broad*, its attempt to delegate is a nullity." Bacus, 354 P.2d at 1061. In order for the Legislature to properly delegate authority to an <u>administrative agency</u>, the statutory provisions must be *"sufficiently clear, definite, and certain to enable the agency to know its rights and obligations."* Bacus, 354 P.2d at 1061. In Bacus, we held that the statute in question was unconstitutional because the Legislature did not provide sufficient and definite standard for the board's guidance. Bacus, 354 P.2d at 1063.

Bacus has been applied on various occasions. In Bell v. Department of Licensing (1979), 182 Mont. 21, 594 P.2d 331, we held that regulations promulgated by the Montana Board of Barbers and the Department of Professional and Occupational Licensing engrafted additional licensing requirements that were not authorized by the Legislature. We also held that where the Legislature failed to set adequate guidelines and standards for the Board of Natural Resources and Conservation's determination of projects eligible for renewable resource development loans, the action amounted to an

6

unconstitutional delegation of authority. Douglas, 568 P.2d at 535. In White v. State (1988), 233 Mont. 81, 759 P.2d 971, we held that the Legislature unconstitutionally delegated its power to the Science and Technology Development Board. These cases are distinguished from the present case.

The Montana Constitution delineates the power of county government:

> (1) A local government unit without self-government powers has the following general powers:
>
>       . . . .
>
> (b) A county has legislative, administrative, and other powers provided or implied by law.
>
>       . . . .
>
> (2) The powers of . . . counties shall be liberally construed. [Emphasis added.]

Mont. Const. art. XI, § 4(1)(b) and (2).

Under the 1972 Constitution, the relationship between the State, counties, and agencies was more defined in both function and operation. Counties became constitutionally empowered and possessed "legislative, administrative, and other powers provided or implied by law." The elected officials or county commissions were entrusted with broad legislative powers by the 1972 Constitutional Convention because of the fundamental principle that local affairs should be decided and regulated by local officials who could be held accountable to their constituents. Mont. Const. art. XI, § 4(1)(b).

7

Agencies, on the other hand, are statutorily created and are part of the executive branch. Agency officials are not directly accountable to the public. Agency powers are limited to specific and definite guidance from the Legislature. State agencies, as a result, have much more limited authority.

We have stated in State ex rel. Leach v. Visser (1989), 234 Mont. 438, 447, 767 P.2d 858, 863, that "governing bodies have the power and duty to evaluate and determine from all the circumstances whether the proposed division of land is based on a purpose to evade subdivision requirements." In Leach, we adopted the opinion of the Attorney General relating to the extent of authority given county commissioners by the Act.

> A local government may legitimately require one claiming an exemption from the Act's requirements to make some evidentiary showing that the exemption is justified. . . . It would also be legitimate for the local government to establish by rule some sort of hearing procedure to allow the local government to evaluate the evidentiary basis for the claimed exemption and to allow or disallow it. . . . [A] regulation establishing procedures for evaluation of a claimed exemption gives substance to the Act's policy of local government control of land use and is certainly consistent with the Act's requirements.

Leach, 767 P.2d at 864 (quoting 40 Op. Att'y Gen. 58, 61-62 (1983)).

In the past, this Court has struck down certain regulations adopted pursuant to the Act. The stricken agency regulations engrafted additional and contradictory requirements on the subdivision statutes. State ex rel. Swart v. Casne (1977), 172 Mont. 302, 308, 564 P.2d 983, 986. This Court has also struck down

8

county regulations if they categorically deny an exemption from the Act. Leach, 767 P.2d at 861.

However, a regulation which establishes procedures for evaluation of claimed exemptions gives substance to the Act's policy of local government control. Local governments are authorized to establish procedures to evaluate a proposed conveyance to determine if it is an attempted evasion of the Act. Withers v. County of Beaverhead (1985), 218 Mont. 447, 450, 710 P.2d 1339, 1341. As stated by the Attorney General:

> The local governing body should evaluate all relevant circumstances in assessing the claimant's intent. These circumstances might include, inter alia, the nature of the claimant's business (i.e., whether the claimant is in the business of dividing and selling land), the prior history of the particular tract in question (i.e., whether this claimant has engaged in prior exempt transactions involving the tract), and the proposed configuration of the tract after the allegedly exempt transactions are completed. . . . A claimant who attempts to engage in a pattern of exempt transactions which will result in the equivalent of a subdivision without local government review, should be denied exemption. If necessary, the county attorney may take action to ensure that conveyances do not occur in such circumstances. § 76-3-301(3), MCA. To allow an exemption in such circumstances would obviously subvert the Act's public policy requiring a priori review of divisions of land which may have substantial impact on public health, safety, and general welfare. § 76-3-102, MCA. [Citation omitted.]

40 Op. Att'y Gen. 58, 62 (1983).

The constitutionality of the "delegation" of power to regulate subdivisions must be viewed under local government parameters and not administrative agency parameters. The County Commission has the power to make a determination as to whether or not the proposed

9

division is an evasion of the Act. The regulations are not inconsistent and contradictory to the Act. They give notice to the property owner as to what the County will look at in making a determination as to whether or not an evasion exists in any particular case. We hold that the Legislature did not impermissibly delegate its authority to the Lewis and Clark County Commissioners for the regulation of subdivisions and that the Montana Subdivision and Platting Act and the subdivision regulations adopted by Lewis and Clark County pursuant to the Act are constitutional.

## II.

Does the "rebuttable presumption" of evasion contained in the Lewis and Clark County subdivision regulations violate the due process rights of appellant?

Appellant complains that the rebuttable presumption of evasion contained in the regulations is invalidly created, and further asserts that the effect of the presumption is to change the burden of proof. Discussions relating to the definition and use of rebuttable presumption are primarily found in criminal cases. Both parties cite Barrett v. United States (5th Cir. 1963), 322 F.2d 292, wherein the Fifth Circuit Court of Appeals reviewed certain criteria to determine the constitutional validity of a rebuttable presumption. Barrett involved the unconstitutional use of a rebuttable presumption for a criminal conviction based on a defendant's possession of a still and of carrying on the business of a distiller based upon a showing of the defendant's unexplained

10

presence at the site of an unregistered still. Barrett, 322 F.2d at 294. The Court held that for a rebuttable presumption to comply with the due process clause:

> [P]roof of the fact upon which the statutory presumption is based must carry a reasonable inference of the ultimate fact presumed.
>
> . . . .
>
> . . . [I]t is not enough that the fact proved be relevant to the ultimate fact presumed. The fact proved must carry an inference of the fact presumed. Moreover, the inference must not be "strained": it must be so reasonably related to the fact proved as to tend to establish the defendant's guilt.

Barrett, 322 F.2d at 297-98.

Because exemptions of statutes pertaining to health, safety, and welfare of the public should be narrowly construed, a party claiming the exemption should have the burden of proving his entitlement to the exemption. We hold that the "rebuttable presumption" of evasion contained in the subdivision regulations does not violate due process.

### III.

Does the retroactive use of valid subdivision exemptions to establish an impermissible "pattern" of land divisions impair the substantive rights of appellant?

Appellant contends that the retroactive use of the prior valid conveyances to establish a presumption is a taking without just compensation. In determining whether a proposed transfer is a violation of the Act, and therefore, an inappropriate use of the exemption, local government officials need to examine the prior

11

history of developers and the tract in question. After such an evaluation, an informed decision can be made regarding whether an applicant is evading the Act.

In this instance, the plain language of the regulations does not have a retroactive application. All of appellant's previous transactions remain unaffected. We hold that the subdivision regulations do not constitute a taking without just compensation.

We affirm.

_____
                                      Justice

We concur:

_____

_____

_____

_____

_____
                                      Justices

_____
The Honorable Roy C. Rodeghiero,
District Judge, sitting in place
of Chief Justice J. A. Turnage

12