No. DA 06-0076

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 247

MYRA L. SHULTS,

        Plaintiff and Respondent,

    v.

LIBERTY COVE, INC.,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Fourth Judicial District,
               In and For the County of  Missoula, Cause No. DV-03-1060,
               Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

               Michael J. Milodragovich and Cory R. Gangle, Milodragovich,
               Dale, Steinbrenner and Binney, P.C., Missoula, Montana

        For Respondent:

               Myra L. Shults, Attorney at Law, Lolo, Montana

               Norman H. Grosfield, Utick & Grosfield, Helena, Montana

                      Submitted on Briefs:  September 7, 2006

                              Decided:   October 3, 2006

Filed:

                         Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1　Plaintiff and Respondent, Myra L. Shults, filed a complaint to enjoin Defendant and Appellant, Liberty Cove, Inc., from constructing condominiums on real property owned by Liberty Cove in Missoula County. Shults specifically contended that Liberty Cove was required to undergo subdivision review with Missoula County before the condominiums could be built. Liberty Cove filed a motion to dismiss Shults's complaint which was converted to a Rule 56 motion for summary judgment because the motion discussed matters outside the complaint. Liberty Cove claimed the complaint should be dismissed because the Jaden Meadows project is exempt from subdivision review under § 76-3-203, MCA, and because Shults was not injured in her individual capacity and therefore lacked standing. Shults also filed a motion for summary judgment.

¶2　On July 7, 2005, the District Court issued its first of two orders, titled "Opinion and Order." The July 7 order was a declaratory judgment in which the court denied both motions for summary judgment but granted declaratory relief, finding the Jaden Meadows project was subject to the review provisions of the Montana Subdivision and Platting Act, located at Title 76, Chapter 3, MCA (Subdivision Act). Liberty Cove then moved for the court to reconsider its order, which the court designated a motion to alter or amend judgment. Thereafter, on November 1, 2005, the court issued its second order, titled "Opinion, Order and Judgment" which corrected erroneous factual findings contained in the July 7 order, and expanded the conclusion of the July 7 order by finding "that condominiums are subject to [the Subdivision Act], including the local review

2

provisions, the same as though the condominiums are being built on individual parcels of land, as to hold otherwise would subvert the very intention of [the Subdivision Act] this Court is bound to uphold." We reverse.

¶3 We restate the issues as follows:

¶4 1. Did the District Court err in finding Myra Shults has standing to bring this action when her house is located in the same zoning district as Liberty Cove's proposed condominiums and is connected to Highway 93 by the same road?

¶5 2. Did the District Court err in finding that the proposed development of Jaden Meadows Condominiums was not exempt from subdivision review under § 76-3-203, MCA, because the property was not subject to subdivision review when originally divided?

## BACKGROUND

¶6 The property at issue was created in 1983 by Liberty Cove's predecessor in title when the property was divided by the filing of Certificate of Survey No. 2926 with the Missoula County Clerk & Recorder's Office. Since the property was divided after 1973, the division was subject to the Subdivision Act, but was exempt from review because the divided parcels exceeded the acreage threshold required for review, which in 1983 was twenty acres. However, the property was surveyed, as required by the act. Subsequently, the property boundary has been adjusted and two additional surveys performed.

¶7 In 2002, Liberty Cove filed an application to subdivide its property into seventy lots. The application was denied by the Missoula County Commissioners, due to

3

concerns regarding traffic and ground water effects. Shults was a vocal opponent of the subdivision. Having been advised that condominiums could be built without subdivision review under an exemption found at § 76-2-203, MCA, Liberty Cove did not appeal the denial of the subdivision. Instead they went ahead with the project as a condominium development with eighty-two single family units, receiving a zoning compliance permit from the Missoula County Office of Planning and Grants and an approval to create a sewer district from the Missoula County Board of County Commissioners. Liberty Cove subsequently filed a declaration of unit ownership with the Clerk and Recorder's office and filed articles of incorporation for Jaden Meadows Condominiums Owners Association. Before building began, however, Shults filed this action to enjoin the development.

¶8    Shults's residence is located in Zoning District 33. Liberty Cove's proposed condominium development is also located in Zoning District 33. Additionally, the same road, Bird Lane, is the primary access route to Highway 93 for both Shults's residence and the proposed development.

## STANDARD OF REVIEW

¶9    Liberty Cove and Shults disagree as to whether the District Court's final order was a declaratory judgment or a summary judgment. We find that the order is properly labeled a declaratory judgment, because the July 7 order denied both motions for summary judgment and was denoted a "declaratory judgment action," and the November 1 order appealed from incorporated these conclusions. In either case, the standard of

4

review pertaining to the District Court's conclusions of law is *de novo*. *City of Great Falls v. Dir. of the Dept. of Pub. Health and Human Servs.*, 2002 MT 108, ¶ 10, 309 Mont. 467, ¶ 10, 47 P.3d 836, ¶ 10 (declaratory judgment); *Hern v. Safeco Ins. Co. of Ill.*, 2005 MT 301, ¶ 18, 329 Mont. 347, ¶ 18, 125 P.3d 597, ¶ 18 (summary judgment).

## DISCUSSION

¶10 **Did the District Court err in finding Myra Shults has standing to bring this action when her house is located in the same zoning district as Liberty Cove's proposed condominiums and is connected to Highway 93 by the same road?**

¶11 Standing is a threshold jurisdictional question especially in cases where a statutory or constitutional violation is claimed to have occurred. *Fleenor v. Darby School District*, 2006 MT 31, ¶ 7, 331 Mont. 124, ¶ 7, 128 P.3d 1048, ¶ 7. To establish standing to bring suit, the complaining party must clearly allege past, present, or threatened injury to a property right or a civil right which is distinguishable from an injury to the public generally. *Fleenor*, ¶ 9.

¶12 Here, we agree with the District Court that Shults has standing to challenge the Jaden Meadows development. Shults lives in the same zoning district as the proposed development and will be directly affected by a subdivision review, or lack thereof, of the proposed development. More specifically, Shults accesses Highway 93 via Bird Lane, the same road that residents of Jaden Meadows would use to access the highway. As evidence of the increased potential for accidents if the eighty-two condominium units were developed, Shults presented the District Court with the affidavit of a former

5

Missoula County Sherriff who opined that the particular section of Highway 93 is "the busiest and most dangerous section of highway in Montana." Shults has thus shown that she will be injured in her individual capacity as a resident of Zoning District 33 and user of Bird Lane if the Jaden Meadows development escapes subdivision review.

¶13 **2. Did the District Court err in finding that the proposed development of Jaden Meadows Condominiums was not exempt from subdivision review under § 76-3-203, MCA, because the property was not subject to subdivision review when originally divided?**

¶14 The Subdivision Act requires subdivisions of property to undergo a subdivision review performed by the local government. However, Part 2 of the Act lists certain exceptions where property is not required to undergo a subdivision review. One of these exceptions is labeled "[e]xemption for certain condominiums" and reads:

> Condominiums constructed on land divided in compliance with this chapter are exempt from the provisions of this chapter if:
> (1) the approval of the original division of land expressly contemplated the construction of the condominiums . . . ; or
> (2) the condominium proposal is in conformance with applicable local zoning regulations where local zoning regulations are in effect.

Section 76-3-203, MCA.

¶15 Both parties agree that the original division of land did not expressly contemplate the construction of condominiums. Further, Missoula County has issued a zoning compliance permit and both parties agree that whether the condominium proposal was in conformance with local zoning regulations was not ruled upon by the District Court and is not before this Court on appeal.

6

¶16    Therefore, the primary question is whether the property where Liberty Cove seeks to develop Jaden Meadows Condominiums was "divided in compliance with" the Subdivision Act.

¶17    If a statute is clear and unambiguous, then there is no need for interpretation; the statute speaks for itself. *Bay v. Dept. of Admin*., 212 Mont. 258, 265, 688 P.2d 1, 4 (1984). Specifically concerning the Subdivision Act, this Court has held that "the exemption provisions of the Act are to be generally given a narrow interpretation." *State ex rel. Dreher v. Fuller*, 257 Mont. 445, 448-49, 849 P.2d 1045, 1047 (1993) (citations omitted).

¶18    Liberty Cove explains that in order to comply with the Subdivision Act as it read in 1983, a subdivision review was required if property was divided into lots of twenty acres or less.  However, if property was subdivided into lots greater than twenty acres, subdivision review was **not** required in order to comply with the Act.  Therefore, in 1983, the division of the property at issue here complied with the Subdivision Act, according to Liberty Cove, because the property was divided into lots greater than twenty acres in size and all other applicable sections of the Act, such as survey requirements, were satisfied.

¶19    In contrast, Shults, and the District Court, reason that because the property at issue was exempted from review in 1983, it was not divided in compliance with the Subdivision Act.  In other words, Shults interprets "in compliance with" as requiring a subdivision review and since none was performed when the property was divided it was not divided "in compliance with" the Act.  According to Shults, any other interpretation

7

would thwart the policy of the act because condominiums could be built where a subdivision had been denied. For example, in this case, it would allow eighty-two condominiums when a seventy-lot subdivision had already been denied. Further, Shults points out that, by virtue of the title of the exemption, only "certain" condominiums were to be exempt, and this limitation is effectuated by interpreting "in compliance with" to mean having undergone subdivision review.

¶20    As authority for this position the District Court cites *State ex rel. Florence-Carlton School District No. 15-16 v. Bd. of Co. Commissioners* and a 1993 Montana Attorney General Opinion. 180 Mont. 285, 590 P.2d 602 (1978); 45 AG Op. 12. Both opinions are distinguishable from the case at hand. The primary issue in *Florence-Carlton* was whether "minor" subdivisions are exempt from public interest review under the Subdivision Act. This Court held that minor subdivisions are subject to public interest review. *Florence-Carlton*, 180 Mont. at 292, 590 P.2d at 605. Our reasoning was based, in part, on the premise that an exception could not be created by the legislature's silence. *Florence-Carlton*, 180 Mont. at 290, 590 P.2d at 605. The condominium exemption at issue in this case, however, does not concern minor subdivisions and is explicitly stated at § 76-3-203, MCA. The reasoning found in *Florence-Carlton* is thus inapplicable.

¶21    Similarly, the 1993 Attorney General Opinion is inapposite to the case at hand. The primary holding of the 1993 Opinion was that condominiums are not exempted under § 76-3-204, MCA. 45 AG Op. 12 at 6. As we are concerned with the exemption found at § 76-3-203, MCA, not -204, this holding has no bearing on the present case.

8

The opinion did, however, reference a 1981 Attorney General Opinion which held that the predecessor condominium exemption to § 76-3-203, MCA (containing only the first sentence of the present statute), was not applicable if the lands in question were divided **prior to enactment** of the Subdivision Act, because such a division would not be "in compliance" with the Act. 39 AG Op. 28 at 115. Again, this holding has no bearing on the present case, because the property at issue was divided in 1983, **after** enactment of the Subdivision Act. Finally, the fact that the 2001 legislature clarified what condominiums are exempt by amending § 76-3-203, MCA, renders Attorney General Opinions concerning the old version of the statute inapplicable.[1]

¶22 We find no support for the proposition that a property division can be specifically exempted from certain requirements of the Act and yet subsequently be deemed to be out of compliance with the Act due to that very exemption. Such an interpretation would create an internal inconsistency within the Act. In determining whether this division of land was "in compliance," we look to whether the Act required subdivision review in 1983. Since the Act, in 1983, clearly exempted divisions of more than twenty acres, it would be illogical to conclude that the exempted division was not in compliance with the very Act granting the exemption. Accordingly, we agree with Liberty Cove. It is clear

---

[1]The 2001 amendment added the following requirements to the first sentence: "(1) the approval of the original division of land expressly contemplated the construction of the condominiums . . . ; or (2) the condominium proposal is in conformance with applicable local zoning regulations where local zoning regulations are in effect." Section 76-3-203, MCA.

that a division of land that was specifically exempt from subdivision review under the Subdivision Act was divided "in compliance with" the Act.

¶23   We therefore reverse the District Court's declaratory judgment and hold that, assuming the Jaden Meadows development complies with applicable local zoning regulations, the condominium development is exempt from subdivision review under § 76-3-203, MCA.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JAMES C. NELSON

10