DA 07-0323

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 214

CHARLOTTE MILLS, CLERK and RECORDER
OF GALLATIN COUNTY, MONTANA, in her
official capacity, and GALLATIN COUNTY,
a political subdivision of the State of Montana,

      Plaintiffs and Appellants,

    v.

ALTA VISTA RANCH, LLC, et al.,

      Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighteenth Judicial District, In and For the County of Gallatin, Cause No. DV 05-359 Honorable Wm. Nels Swandal, Presiding Judge |

COUNSEL OF RECORD:

    For Appellants:

        Marty Lambert, Gallatin County Attorney; Bozeman, Montana

    For Appellees:

        Robert Sterup, Holland & Hart; Billings, Montana

    For Amici Curiae:

        Daniel L. Schwarz, Chief Deputy Yellowstone County Attorney Office; Billings, Montana (for Montana County Attorneys Association)

        Myra L. Shults, Attorney at Law; Missoula, Montana (for Montana Association of Counties)

Submitted on Briefs:  April 24, 2008

Decided:  June 17, 2008

Filed:

_____
                     Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Mills appeals the District Court's order granting summary judgment and declaratory relief in favor of Alta Vista. Mills also challenges the District Court's order issuing a writ of mandamus and dismissing Defendant Pegasus from the case. We reverse.

¶2 We restate the issues as follows:

¶3 I. Did the District Court err in granting summary judgment and declaratory relief in favor of Alta Vista, and concluding, as a matter of law, that the Montana Subdivision and Platting Act does not apply to certificates of survey which create parcels larger than 160 acres while leaving a remainder smaller than 160 acres?

¶4 II. Did the District Court err by issuing the writ of mandamus and order dismissing Pegasus from the case?

## BACKGROUND

¶5 In 2004, Appellees Alta Vista and Hyacres (collectively "Alta Vista") filed numerous certificates of survey ("COSs") with the Clerk and Recorder of Gallatin County (hereinafter "Mills").[1] Nearly all of these COSs divided the subject land into two parcels: one parcel greater than 160 acres and a "remainder" parcel less than 160 acres. Mills accepted each of these COSs and deeds for recordation. After consulting with the Gallatin County Attorney, Mills determined these COSs were subject to recordation. Mills believed these COSs were not subject to subdivision review under the Montana

[1] Shelley Vance was the Gallatin County Clerk in 2004-2005, but Charlotte Mills later replaced her and was substituted for Vance as Party Plaintiff.

2

Subdivision and Platting Act ("the Act"), since each of the COSs created a tract of land greater than 160 acres.

¶6 The following year, Mills initiated this action for declaratory judgment, arguing that the Alta Vista COSs were in fact subject to subdivision review under the Act. Mills sought a declaration from the District Court that the COSs were illegal divisions of land because they had not been submitted for review or exempted from review under the Act.

¶7 Originally, several additional companies were parties to this case, including the Pegasus entities ("Pegasus"). Like Alta Vista, Pegasus had filed multiple COSs which created tracts of land greater than 160 acres, with smaller "remainders" left over. While the case was pending, Pegasus received an offer from a buyer who wished to purchase all the Pegasus properties as a single parcel. Pegasus submitted the appropriate filings to Mills, seeking to re-aggregate its properties into one tract. Mills refused to record these filings, and Pegasus applied to the District Court for a writ of mandamus to require Mills to record the filings. The District Court granted the writ, and dismissed Pegasus from the case. Alta Vista states that Pegasus subsequently sold the re-aggregated property to a third party. Mills does not dispute this, but argues instead that the subsequent sale does not render her appeal of the writ moot.

¶8 Both Mills and the remaining Defendants moved for summary judgment. The District Court granted Alta Vista's motion for summary judgment, and held that the Act does not apply to transactions which create tracts of land greater than 160 acres. The District Court certified its summary judgment order for appeal pursuant to M. R. Civ. P. 54(b). Mills appeals both the grant of summary judgment and the writ of mandamus.

STANDARD OF REVIEW

¶9     We review a district court's grant of summary judgment de novo. *Shults v. Liberty Cove, Inc.*, 2006 MT 247, ¶ 9, 334 Mont. 70, ¶ 9, 146 P.3d 710, ¶ 9. We apply the same standard of review when reviewing a district court's grant of declaratory judgment. *Shults*, ¶ 9.

## DISCUSSION

¶10    **I. Did the District Court err in granting summary judgment and declaratory relief in favor of Alta Vista, and concluding, as a matter of law, that the Montana Subdivision and Platting Act does not apply to certificates of survey which create parcels larger than 160 acres while leaving a remainder smaller than 160 acres?**

¶11    As a threshold matter, we must address Alta Vista's argument that Mills' claim is barred by § 76-3-625(2), MCA. Section 76-3-625(2), MCA, allows aggrieved parties thirty days to appeal the governing body's decision approving or denying a subdivision plat. Alta Vista did not apply for subdivision review under the Act, though as discussed below, it should have. No decision approving or denying a subdivision plat was ever made. Mills challenges the recording and filing of certain COSs by the county recorder. Since the act of recording is not a decision by a governing body approving or denying a subdivision, § 76-3-625, MCA, is inapplicable to this case.

¶12    On a motion for summary judgment, the District Court granted declaratory relief in favor of Alta Vista, concluding, as a matter of law, that:

> A Certificate of Survey that creates a tract or tracts of greater than 160 acres is not subject to the Subdivision Act.

A "remainder" shown in such a Certificate of Survey is not subject to the Subdivision Act.

A later transfer of the remainder is neither a "subdivision" nor a "division of land" subject to the Subdivision Act.

Alta Vista argues that the District Court correctly found that the "remainder" parcels shown on the Certificates of Survey (COSs) in question were not subject to the Act. Mills claims that since the COSs create parcels of land less than 160 acres, they are subject to the Act.

¶13    The Montana Subdivision and Platting Act, § 76-3-101 et seq., MCA, regulates the subdivision of land.  The Act defines "subdivision" as:

> [A] division of land or land so divided that it creates one or more parcels containing less than 160 acres that cannot be described as a one-quarter aliquot part of a United States government section, exclusive of public roadways, in order that the title to or possession of the parcels may be sold, rented, leased, or otherwise conveyed and includes any resubdivision and further includes a condominium or area, regardless of its size, that provides or will provide multiple space for recreational camping vehicles or mobile homes.

Section 76-3-103(15), MCA.  Thus, the key question is whether the COSs in the instant case constitute "a division of land or land so divided that it creates one or more parcels containing less than 160 acres."  Section 76-3-101(15), MCA.

¶14    There are more than thirty COSs at issue here.  Alta Vista filed five COSs amending the tracts of land shown on COS 389A.  Each of these certificates divided an existing tract of land into two tracts, one greater than 160 acres, and one less than 160 acres.  Alta Vista also filed twenty-two COSs which amended the tracts of land shown on COS 2431.  Again, each of these certificates (except for one- 2431L) divided an existing tract of land into two tracts, one greater than 160 acres, and one less than 160 acres.

5

Finally, Hyacres filed four COSs amending the tracts of land shown in COS 2421. And again, each of these four certificates divided an existing tract of land into two tracts, one greater than 160 acres, and one less than 160 acres.

¶15 If the language of a statute is "clear and unambiguous, then there is no need for interpretation; the statute speaks for itself." *Shults*, ¶ 17. Section 76-3-103(15), MCA, clearly defines a subdivision as "a division of land or land so divided that it creates one or more parcels containing less than 160 acres." Section 76-3-103(15), MCA. Each of these COSs creates one or more parcels containing less than 160 acres.[2] Thus, each of these COSs is subject to the Act.

¶16 Alta Vista claims that under the "remainder doctrine," divisions of land which create a tract of land greater than 160 acres with a "remainder" left over are not subject to the Act- even if that "remainder" is less than 160 acres. This argument defies logic as well as the plain language of the statute. Under such a doctrine, all future land divisions in Montana would be exempt from the regulations of the Act, as long a parcel larger than 160 acres was created by the division. For example, under Alta Vista's reading of the statute, a landowner could divide a 500 acre tract into one parcel of 160 acres and 10 "remainders" of 34 acres each, without subdivision review.

¶17 Section 76-3-201, MCA, sets forth a list of exemptions for certain divisions of land. There is no exemption for divisions of land which create a tract of land greater than 160 acres with a "remainder" of less than 160 acres. The text of the Act doesn't mention the "remainder doctrine," nor does Alta Vista cite any case law recognizing or applying

---

[2] Except for 2431L, which created two parcels larger than 160 acres, as noted above.

this doctrine. In support of its argument, Alta Vista offers evidence of Gallatin County's past course of conduct, as well as several Attorney General Opinions. However, where the language on the face of the statute is clear and unambiguous, our inquiry begins and ends with the words of the statute itself. *Shults*, ¶ 17. In the instant case, the plain meaning of the statute is apparent on its face, and thus we will not resort to other means of interpretation.

¶18 As Alta Vista points out, this Court may not "insert what has been omitted" when interpreting a statute. Section 1-2-101, MCA. In fact, in interpreting this Act, we have narrowly construed expressly stated exemptions and exceptions. *Shults*, ¶ 17. We have also refused to read exceptions into the Act which would subvert its expressly stated purposes:

> In the Subdivision and Platting Act the general rule is that a subdivision must be found to be in the public interest before a governing body may approve it. This requirement is intended to fulfill the Act's objective of ensuring that the public health, safety and general welfare are protected. That objective must be the primary guide to the interpretation of the statute. Thus, where no specific exception to the public interest requirement is mentioned in section 11-3866(6), the better conclusion is that no such exception is intended.

*State, etc. v. Board of County Com'rs, etc.*, 180 Mont. 285, 291, 590 P.2d 602, 605 (1978). Exceptions or exemptions to subdivision review under the Act can not be created by the Legislature's silence. *Shults*, ¶ 20; *State ex rel. Florence*, 180 Mont. at 290, 590 P.2d at 605. In sum, we refuse to read an exemption or an exception into the Act where the Legislature has not expressly provided for one.

7

¶19 Finally, Alta Vista argues that even if we conclude that these transactions were subject to review under the Act, the requirements of the Act may not be retrospectively applied to them. We disagree. We are not announcing a new judicial principle, but rather applying the plain language of the statute.

¶20 Subdivision review is required when property is divided into lots of 160 acres or less. Section 76-3-103(15), MCA; Title 76, Chapter 3, Part 6. All but one of the COSs in question created a tract of land smaller than 160 acres. As such, these COSs were subject to subdivision review under the Act. The District Court erred in determining otherwise.

¶21 **II. Did the District Court err by issuing the writ of mandamus and order dismissing Pegasus from the case?**

¶22 Mills argues that the Court erred by granting the writ of mandamus and dismissing Pegasus from the case, however, we do not reach the merits of this issue because we conclude it is moot. After the District Court issued the writ of mandamus ordering Mills to record the revised filings, and this Court denied Mills' application for supervisory control, Pegasus sold the re-aggregated parcel. We have warned against the "particular danger of dismissal for mootness" where the sale of property to a third party is involved. *Turner v. Mountain Engineering and Const., Inc.*, 276 Mont. 55, 63, 915 P.2d 799, 804 (1996) (citing 9 James W. Moore et al., Moore's Federal Practice ¶ 208.03 (2d ed. 1994)). In such circumstances, we have recognized that there is a "special need for seeking a stay." *Turner*, 276 Mont. at 63, 915 P.2d at 804. Mills filed a motion with the District Court for a stay of the writ pending appeal, which the District Court denied. Mills then filed a petition for supervisory control with this Court. At that point, Mills

could have also filed a motion for a stay under M. R. App. P. 22(2), but she did not. As a result, after her application for supervisory control was denied, Pegasus conveyed the re-aggregated parcel to a third party. Under these circumstances, it is impossible for this Court to grant effective relief or return the parties to the status quo. *Turner*, 276 Mont. at 63-64, 915 P.2d at 804-05. Thus, Mills' appeal of the writ of mandamus and order dismissing Pegasus from the case is moot.

## CONCLUSION

¶23 In conclusion, we reverse the District Court's grant of summary judgment and declaratory relief in favor of Alta Vista. Any division of land which creates a parcel smaller than 160 acres- regardless of whether larger parcels are also created in the same transaction- is subject to subdivision review under the Act, unless it is exempted from review under one of the statutory exceptions set forth in § 76-3-201, MCA. The District Court erred in determining otherwise. The subsequent sale of the Pegasus properties to a third party has mooted Mills' challenge to the writ of mandamus. Reversed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE