

DA 11-0565

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 72

CLAYTON E. DeVOE,

      Plaintiff, Appellant
          and Cross-Appellee,

  v.

THE CITY OF MISSOULA, MONTANA;
THE MISSOULA CITY BOARD OF
ADJUSTMENT; and JOHN DOES 1-20,

      Defendants and Appellees,

  v.

CONNIE POTEN; ANDREW SPONSELLER,

      Defendants and Cross-Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
                 In and For the County of Missoula, Cause No. DV 05-1110
                 Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          George C. DeVoe; DeVoe Law Offices, Missoula, Montana

      For Appellees:

          William L. Crowley, Tracey Neighbor Johnson; Boone Karlberg,
          Missoula, Montana (for City of Missoula and Board of Adjustment)

          Jon Beal, John B. Horrell; Beal Law Firm, PLLC, Missoula, Montana
          (for Cross-Appellants Poten and Sponseller)

Submitted on Briefs: February 22, 2012

Decided: April 3, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Clayton DeVoe appeals from orders of the District Court upholding application of the zoning ordinances of the City of Missoula, and awarding attorney fees to Connie Poten and Andrew Sponseller.  Poten and Sponseller cross-appeal the District Court's refusal to award part of the attorney fees they requested.  We affirm.

## BACKGROUND

¶2     In February, 2005 DeVoe applied to the City of Missoula for a building permit for a large (over 3300 square feet) storage building to be located on a vacant lot that he owned in the Rattlesnake area.  By letter of June 14, 2005, the City's Office of Planning and Grants, through its director Cynthia Klette, wrote a detailed letter to DeVoe explaining that under applicable zoning regulations he could only build an "accessory" building as defined in § 19.04.020 of the Missoula Municipal Code.  That section provided that an "'accessory use or building' is a use or building customarily incidental to, and accessory to, the principal and ordinary use of a building or premises located on the same premises with such principal use or building."  The letter stated that to qualify as an accessory building the structure must be "customarily incidental to, and accessory to" the principal use of an existing building, and must be located on the same premises as that building.  The letter informed DeVoe that his proposed building was essentially a warehouse, and that its size and magnitude "far surpasses anything that reasonably could be considered customarily incidental to, and accessory to, a single-family residence in a municipal setting."  The area that DeVoe proposed for the building was zoned for single-

3

family residences. The letter informed DeVoe that he could appeal the determination to the City Board of Adjustment or could locate the building in another area where such structures were permitted.

¶3 DeVoe did not appeal the rejection of his application for a building permit, but in July, 2005 submitted a new application for a building permit for a similarly-sized structure to be located on a nearby lot in an area zoned for single-family residences. That lot contained a single-family dwelling that DeVoe maintained as a rental. In September, 2005 the City's Office of Planning and Grants issued a building permit, and DeVoe razed an existing structure on the site and began construction of the new building.

¶4 Men working on the building site told inquisitive neighbors that DeVoe intended to use the building to store furniture and bedding from his sizeable number of rentals in the Missoula area. Several neighbors complained to the City that DeVoe's new building was not intended as an accessory to the existing rental unit on the property. On September 23, 2005, the Missoula City Attorney and the City's Senior Planner wrote a letter to DeVoe informing him of the complaints and again setting out the City's zoning requirement that the storage building must be an accessory to the existing rental unit on the property, again quoting the requirements of § 19.04.020. The letter warned that any building or use that did not comply with the zoning requirements could result in a zoning violation and enforcement action.

¶5 On September 30, 2005, Poten and Sponseller, who live next to the new building site, appealed the decision to grant DeVoe a building permit to the City Board of Adjustment, as provided in § 76-2-326, MCA. The City then issued a stop-work order to

4

DeVoe and suspended the building permit. Poten and Sponseller objected that the DeVoe building was not an accessory to the existing rental unit on the property, that it was to be used to store materials arising from DeVoe's numerous rentals in the Missoula area, and that the size and character of the building would conflict with the existing neighborhood. DeVoe responded that he did not intend to make a commercial use of the building, but intended to store "personal property" including furniture, boats, autos and "other personal property items customarily maintained at most residences."

¶6 On October 26, 2005, the Board of Adjustment held a public hearing and received testimony on whether DeVoe's building permit complied with the City's zoning requirements. At the conclusion of the hearing the Board voted 6-1 to revoke DeVoe's building permit, finding that the storage building was not going to be used as an accessory to the existing single-family rental; that DeVoe intended to use the building to store "business assets, which are going to be used offsite," and that the size (48' by 70') and character of the building showed that "it is not customarily incidental and accessory to the existing single-family home on the site."

¶7 In November, 2005, DeVoe filed a civil action in District Court against the City of Missoula, its Board of Adjustment, Poten, Sponseller and numerous John Does. He claimed violation of constitutional rights, violation of civil rights, deprivation of property, estoppel, vague ordinances, selective enforcement, and negligence. DeVoe's complaint sought preliminary and permanent injunctions and restraining orders, damages, punitive damages and attorney fees against the defendants.

¶8 In December, 2006, the District Court granted Sponseller's and Poten's motions to dismiss, finding that neither of them was necessary or a proper party to the action, and that DeVoe's claims against them were frivolous and utterly without merit. The District Court concluded that lawsuits like DeVoe's "against individuals solely on the basis of their lawful participation in lawful public processes only serve to stifle public participation in government." The District Court awarded attorney fees and costs to Sponseller and Poten of about $25,000, because DeVoe had forced them to defend a frivolous action and because he had unreasonably and vexatiously multiplied the proceedings as specified in § 37-61-421, MCA.

¶9 DeVoe and the City subsequently stipulated that the claims for judicial review of the Board of Adjustment decision could be decided based upon affidavits and other evidence submitted to the District Court in writing. The District Court remanded the issue to the Board of Adjustment for further consideration and clarification of specified issues. The Board returned the matter to the District Court, which decided that the appropriate standard of review was abuse of discretion. In August, 2011, based upon the record stipulated by the parties in August, 2008, the District Court found in the City's favor on all of DeVoe's claims. The District Court upheld the Board of Adjustment decision to revoke the building permit and further found that § 19.04.020 of the City zoning code was not unconstitutionally vague. DeVoe appeals.

**STANDARDS OF REVIEW**

¶10 This Court reviews a zoning decision to determine whether the information upon which the decision maker based its decision was so lacking in fact and foundation as to

6

be clearly unreasonable, thus constituting an abuse of discretion. *Lake County First v. Polson City Council*, 2009 MT 322, ¶ 34, 352 Mont. 489, 218 P.3d 816.

¶11 The interpretation and application of an ordinance are questions of law that this Court reviews de novo to determine whether they are correct. *Shults v. Liberty Cove, Inc.*, 2006 MT 247, ¶ 9, 334 Mont. 70, 146 P.3d 710.

¶12 This Court will exercise plenary review of constitutional issues, and a district court's decisions on constitutional issues are reviewed for correctness. *State v. Egdorf*, 2003 MT 264, ¶ 12, 317 Mont. 436, 77 P.3d 517. Legislative enactments are presumed to be constitutional, and the party challenging the provision bears the burden to prove beyond a reasonable doubt that it is unconstitutional. *Egdorf*, ¶ 12. The presumption of constitutionality applies to city ordinances. *ASUM v. City of Missoula*, 261 Mont. 231, 235, 862 P.2d 380, 382 (1993).

## DISCUSSION

¶13 *Issue One: Did the District Court properly uphold the decision of the Missoula Board of Adjustment revoking the building permit for DeVoe's storage building?*

¶14 The District Court's order filed August 23, 2011, thoroughly analyzed DeVoe's many arguments that the Board of Adjustment erred by revoking the building permit. The District Court discussed the June, 2005 Klette letter to DeVoe, which outlined and defined the terms used in § 19.04.020, and particularly the requirement that a proposed building must be an accessory use to an existing structure on the property. The District Court then noted DeVoe's own evidence that he intended to build one large storage

7

facility to store all his belongings that needed to be stored, instead of constructing smaller accessory buildings on each of his 24 parcels of property in the same area of town.

¶15 The District Court considered the issue of whether the proposed building was "customarily" incidental to the single-family residence on the property and concluded that the large building was not the type of structure customarily incidental to a single-family residence, based upon the proposed size of the building and DeVoe's stated intent to store a variety of possessions that were not related to the residence. Based upon its review and consideration of the record from the Board of Adjustment, the District Court concluded that the Board did not abuse its discretion in revoking the building permit.

¶16 This Court reviews a zoning decision to determine whether the information upon which the decision maker based its decision was so lacking in fact and foundation as to be clearly unreasonable, thus constituting an abuse of discretion. *Lake County First,* ¶ 34. In this case it was virtually undisputed that DeVoe intended to build a large storage building in an area zoned for single-family dwellings, and that he intended to store a variety of property in the building including vehicles, boats, tractors, and household items. None of these had any demonstrable association with the single-family dwelling on the property. Under the City's zoning ordinance, the storage building was therefore not an accessory to the existing single-family residence. The Board of Adjustment considered both the size of the building and its intended use to determine that it was not an accessory to the existing residence and that it was different in size and character from those customarily used in such a setting. The Board determined that the building failed to comply with § 19.04.020 of the City zoning code. Under the circumstances of this case,

8

this determination was supported by the facts, was not clearly unreasonable, and was not an abuse of discretion.

¶17 DeVoe also contends that § 19.04.202 is void because it is unconstitutionally vague. A statute may be declared void for vagueness if it fails to give a person of ordinary intelligence fair notice that it prohibits his contemplated conduct. *Yurczyk v. Yellowstone County*, 2004 MT 3, ¶ 34, 319 Mont. 169, 83 P.3d 266. The words of a statute are not impermissibly vague simply because they can be "dissected or subject to different interpretations," and the constitutionality will be upheld if the Court can do so under a "reasonable construction of the statute." *Montana Media, Inc. v. Flathead County*, 2003 MT 23, ¶ 58, 314 Mont. 121, 63 P.3d 1129.

¶18 In this case the District Court found that § 19.04.020 was not vague, even though there was some disagreement among City zoning officials. The District Court noted that the June, 2005 Klette letter to DeVoe specifically explained the City's construction of the provision, and that the words of the ordinance are "common words with plain meanings." It is also noteworthy that DeVoe did not appeal the denial of his first application for a building permit, and did not claim that the ordinance or the explanation of its requirements in the Klette letter were too vague to be understood. Rather, he re-applied for a permit at a different site, relied upon the express language of the ordinance, and stated in the application that he intended to build a "residential accessory" building. DeVoe's argument that his alternative to a single large storage building was to build separate storage units on each of his residential properties shows that he understood the requirement of the zoning ordinance, but that he just wanted to do something different.

9

In sum, the ordinance required that the storage structure be one that was customarily used on similarly-zoned property in the neighborhood, and that the intended use be an accessory to the existing use of the property. A person of ordinary understanding could appreciate this from the language of the ordinance. DeVoe did not carry his burden to overcome the presumption that § 19.04.020 is constitutional.

¶19 DeVoe contends that the Board of Adjustment was required to defer to the decision of the Office of Planning and Grants that approved the building permit. He argues that the decision to issue the building permit was made by the City's "hired experts" and therefore must be given considerable weight, and deference.

¶20 DeVoe's deference argument is contrary to the express provisions of Montana law which allow for review of municipal administrative decisions by the board of adjustment, and which allow for review of the board of adjustment decisions by the district court. Section 76-2-326, MCA, provides for appeals from municipal decisions to the board of adjustment. Section 76-2-327, MCA, similarly provides for judicial review of a decision of a board of adjustment, upon petition to the district court. The district court may affirm, wholly or partly, or may modify the decision under review. Section 76-2-327(4), MCA. These provisions would be meaningless if the Board of Adjustment and then the District Court were required to defer to the City's administrative decision by mechanically affirming it. And, DeVoe has failed to show that the decision to grant the building permit was one that required any specialized, technical or unusual knowledge, training or experience. Rather, the decision required application of the words of common understanding found in § 19.04.020.

10

¶21 The dissenting neighbors appealed the permit decision to the Board of Adjustment and the Board exercised its duty to review the decision, all as specifically provided by statute. There was no error.

¶22 *Issue Two: Did the District Court err in awarding attorney fees and costs to Poten and Sponseller?*

¶23 In December, 2006 the District Court dismissed DeVoe's claims against Poten and Sponseller. The District Court analyzed each of DeVoe's claims against these two defendants and found that none of them had merit or were legally supported. The District court found that Poten and Sponseller were only citizens who were exercising their right to participate in the governmental process and to invoke an appeal specifically provided for by statute. DeVoe does not appeal the decision to dismiss Poten and Sponseller.

¶24 In addition to dismissing the claims against Poten and Sponseller, the District Court granted their request for an award of attorney fees as provided in *Foy v. Anderson*, 176 Mont. 507, 580 P.2d 114 (1978). The District Court held that attorney fees should be awarded because DeVoe's claims against the defendants were "utterly without merit" and because he had forced the defendants "through no fault of their own, to defend against a frivolous action." DeVoe argues on appeal that the *Foy* decision does not support an award of fees in this case because the facts in *Foy* were different from the facts in the present case.

¶25 Montana adheres to the rule of law that attorney fees may not be awarded to a prevailing party absent statutory or contractual authority. *Tanner v. Dream Island, Inc.*, 275 Mont. 414, 429, 913 P.2d 641, 650 (1996). *Foy* created a narrow exception to this

11

traditional rule of law, allowing an award of attorney fees to a party who, through no fault of her own, is forced to hire an attorney to defend an action that is frivolous or utterly without merit. *Terra West Townhomes, LLC v. Stu Henkel Realty*, 2000 MT 43, ¶ 40, 298 Mont. 344, 996 P.2d 866. In such narrow circumstances and on a case-by-case basis, a district court dismissing an action may grant attorney fees to the prevailing party in order to achieve "complete relief under its equity power." *Foy*, 176 Mont. at 511, 580 P.2d at 116-117. It is within the discretion of the district court to determine whether a claim is frivolous and, if so, whether an award of attorney fees to the prevailing party is warranted. *Zier v. Lewis*, 2009 MT 266, ¶ 32, 352 Mont. 76, 218 P.3d 465. *Foy* establishes a rule of case-by-case application, and a case need not be on all fours with *Foy* before its principles are applicable.

¶26 In the present case, much like the plaintiff in *Zier*, DeVoe continues to argue on appeal that his claims against Poten and Sponseller were well taken, despite the fact that the District Court determined that the claims were frivolous and lacked legal foundation. The District Court was well aware of and fully considered the facts. Based upon the record, we conclude that the District Court properly determined that DeVoe's claims against Poten and Sponseller were frivolous and without legal foundation. The District Court therefore properly acted within its discretion to award attorney fees and costs to Poten and Sponseller.

¶27 Poten and Sponseller cross-appeal the District Court's denial of their request for an award of approximately $11,000 in attorney fees they claimed to have incurred in pursuing the attorney fee issue ("fees for fees"). They argue that the District Court

arbitrarily rejected this portion of their request for attorney fees and that they are entitled to a fees for fees award based upon existing Montana law. *See e.g. Donnes v. Orlando*, 221 Mont. 356, 720 P.2d 233 (1986), and *Talcott Const., Inc. v. P & D Land Ent.*, 2006 MT 188, 333 Mont. 107, 141 P.3d 1200.

¶28 The District Court issued three opinions involving Poten's and Sponseller's requests for attorney fees (the orders of December 22, 2006; September 24, 2007 and February 20, 2008). In each of these orders the District Court carefully and correctly analyzed the facts and applicable law. In denying the request for fees for fees, the District Court noted that while both sides briefed the issues, many of the points in contention were later mooted by a stipulation. The District Court also noted that DeVoe prevailed on some of his objections to the attorney fee claims, and described the objections as "reasonable."

¶29 While there are cases holding that time spent determining fees is a crucial part of the case, *see e.g. Talcott* ¶ 65, those cases arise from statutory entitlements to attorney fees. They do not arise from an award of attorney fees under *Foy*, as is the case here, which is a matter within the discretion of the district court. The goal of *Foy* is to find equity as the situation requires, on a case-by-case basis. It is evident from the thorough consideration given by the District Court here that equity was done and that there was no abuse of discretion.

¶30 We deny the request of Poten and Sponseller for an additional award of attorney fees on appeal.

13

¶31    The orders of the District Court are affirmed.


                                        /S/ MIKE McGRATH


We concur:


/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS