**FILED**

June 19 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0731

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 130N

MICHAEL E. SPREADBURY,

      Plaintiff and Appellant,

  vs.

KENNETH S. BELL, CITY OF HAMILTON,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 10-639
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael Edward Spreadbury, self-represented, Hamilton, Montana

      For Appellee:

          Tracey Neighbor Johnson, William L. Crowley, Natasha Prinzing Jones,
Boone Karlberg, P.C., Missoula, Montana

Submitted on Briefs:  May 16, 2012
Decided:  June 19, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Appellant Michael E. Spreadbury (Spreadbury) appeals from the District Court's order regarding Spreadbury's request for the release of police reports related to two incidents in which he was involved, and the court's grant of summary judgment in favor of Appellees Kenneth S. Bell (Bell) and the City of Hamilton (City).

¶3    Spreadbury entered a plea of no contest to felony criminal intimidation involving an employee at the Bitterroot Public Library. The District Court imposed a one year deferred sentence. We rejected Spreadbury's claim that he could raise a probable cause challenge despite entering a no-contest plea without reserving the issue for appeal. *State v. Spreadbury*, 2011 MT 176, 361 Mont. 253, 257 P.3d 392. Spreadbury was involved in a second incident in which the Hamilton Police Department responded. The police department prepared a report concerning the February 13, 2009, incident at the Ravalli County Administration Building. No criminal charges were filed in connection with this report.

¶4    Spreadbury requested copies of the police reports related to these two separate incidents. The City provided redacted versions of the two reports. The redacted versions failed to provide Spreadbury with the names and home addresses of private parties who either were victims or witnesses in the two incidents. These private parties had not waived their rights to privacy. The City's failure to provide unredacted versions prompted

2

Spreadbury to file an action against Bell, the City attorney, and the City on November 16, 2010, in which he alleged various common law claims and claims grounded in the United States Constitution and the Montana Constitution. Spreadbury further asked for declaratory judgment that the City had violated his right to know, right to request and examine public documents, and that certain documents be relinquished to Spreadbury.

¶5 Spreadbury's complaint was assigned to the Hon. James A. Haynes of the Twenty-First Judicial District, Ravalli County. Judge Haynes voluntarily offered to withdraw from the case before rendering any rulings in light of his discovery that he formerly had been married to a person referred to in one of the police reports. Spreadbury objected to Judge Haynes's effort to disqualify himself on the grounds that Judge Haynes's request "for disqualification is unethical." Spreadbury specifically stipulated to Judge Haynes's continuance to preside over the case.

¶6 The District Court denied Spreadbury's motion for summary judgment with respect to his demand that the City release unredacted versions of these documents. The District Court granted summary judgment to the City on all of Spreadbury's remaining claims. Spreadbury appeals.

¶7 Spreadbury raises three separate issues on appeal. He first contends that the court should have ordered the City to provide unredacted versions of all the police reports. Spreadbury next challenges Judge Haynes's decision to continue to preside over the matter in light of the fact that his former spouse was involved in the incident with Spreadbury at the Bitterroot Public Library. Spreadbury finally argues that the court improperly granted summary judgment on his remaining state and federal claims.

¶8 We review de novo a district court's decision regarding a declaratory judgment and a district court's decision regarding summary judgment. *Mills v. Alta Vista Ranch, LLC,* 2008 MT 214, ¶ 9, 344 Mont. 212, 187 P.3d 627. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court correctly weighed the competing interests between Spreadbury's request for unredacted versions of the police reports and the rights of privacy of the persons named in those reports. Spreadbury waived his right to challenge Judge Haynes's decision that he preside over this matter once Spreadbury objected to Judge Haynes's initial efforts to recuse himself. Finally, our review of the record and briefs demonstrates that the court correctly granted summary judgment to Bell and the City regarding Spreadbury's remaining state and federal claims.

¶9 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

4