DA 12-0228

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 49N

ROBERT M. BRAACH and DAWN BRAACH,

        Plaintiffs and Appellees,

  v.

MISSOULA COUNTY CLERK AND RECORDER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 11-830
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Fred R. VanValkenburg, Missoula County Attorney; Martha E. McClain,
Chief Civil Deputy County Attorney; D. James McCubbin, Deputy
County Attorney; Missoula, Montana

        For Appellee:

            Colleen M. Dowdall, Worden Thane P.C., Missoula, Montana

                          Submitted on Briefs:  December 19, 2012
                                     Decided:  February 26, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Missoula County appeals from the District Court's Findings of Fact, Conclusions of Law and Order, filed February 22, 2012.  We affirm.

¶3     In 1997 Robert and Dawn Braach bought a house on a tract of land in Missoula County, described in a deed recorded by Missoula County as Lot 16 of U. S. Government Survey No. 2, Sec. 30, Twp. 13 N., R. 19 W.  During 2000 they obtained approval from Missoula County for a "subdivision for lease or rent" allowing them to build a rental unit on the property.[1]  In November 2001 the Braachs applied for and obtained approval from Missoula County to use a portion of their property as security for a construction loan to build the rental unit, as provided by § 76-3-201, MCA (2001).  In January 2002 the Braachs had the property surveyed at the request of the lender and filed certificate of survey (COS) 5235 with Missoula County.[2]  COS 5235 depicted the Braachs' entire lot, but separately depicted "Tract 1" as the portion of the property surveyed for mortgage security.  The remaining portion of the Braachs' property that was not intended for use as mortgage security is referred to as the remainder.  Before they could build a rental house on Tract 1 Robert Braach became seriously ill with cancer and the project was postponed until 2005.

---

[1] The details of this rental subdivision are not clear and no documents covering it appear in the District Court record.

2

¶4     In 2005 the Braachs formed a joint venture with a house builder, transferred an interest in Tract 1 to the builder by quitclaim deed, and recorded the deed with Missoula County.  The joint venture borrowed money using Tract 1 as collateral, and recorded the construction mortgage with Missoula County.  The joint venture built the house on Tract 1, and the Braachs sold the house and Tract 1 to third parties in 2006.  The joint venture house was deeded to the buyers as Tract 1 of COS 5235, and Missoula County recorded the deed.  Missoula County had separately taxed Tract 1 and the remainder since the Braachs recorded COS 5235.  After the 2006 sale of Tract 1, the County separately billed the new owners for the property taxes on Tract 1 and the Braachs for the taxes on the remainder property.

¶5     In 2011 the Braachs decided to sell their house on the remainder portion of their property, and accepted an offer from a purchaser.  The Braachs engaged a title insurance company, which questioned whether Missoula County would allow the sale of the property.  The Missoula County Attorney's office advised the County Clerk and Recorder to not record a deed attempting to transfer any portion of COS 5235.  Missoula County took the position that the Braachs' remainder property shown in COS 5235 was not an independent tract of land, but that it would allow a deed to be recorded if the Braachs obtained a court order.  The Braachs negotiated with the prospective buyers for an extension of the closing of the sale until June 30, 2011.

¶6     On June 27, 2011, the Braachs obtained a writ of mandamus from the District Court ordering Missoula County to record the deed to consummate the property sale.  On June 30,

---

[2] A certificate of survey is a drawing of a field survey prepared by a registered surveyor for the purpose of disclosing facts pertaining to boundary locations.  Section 76-3-103(1), MCA.

3

2011, the County moved the District Court to conduct further proceedings and to allow it to respond to the Braachs' application for the writ of mandamus. The District Court received motions and briefs and conducted an evidentiary hearing on December 6, 2011.

¶7 Pursuant to the writ the Braachs recorded a deed transferring the property from Robert Braach and Dawn Braach to Dawn Braach. The County took the position that the writ applied only to that transaction; that no further deeds would be recorded concerning either Tract 1 or the remainder depicted on COS 5235; and that the County would require a court order prior to recording any other deed. The potential buyers were told that if they bought the Braachs' property they could not later sell it without a court order, and the sale of the remainder portion of the property did not take place. The County did not require review under the Subdivision and Platting Act and did not require any survey. The County's only express requirement was that a court had to approve the recording of any deed transferring any of the property depicted on COS 5235.

¶8 Prior to the December 2011 hearing, Missoula County requested that Braachs' attorney withdraw from the case based upon an asserted conflict of interest because she once worked as a Deputy Missoula County Attorney. The Braachs' attorney declined to withdraw and responded with an analysis of her position. In October 2012 Missoula County filed a complaint against the Braachs' attorney with the Office of Disciplinary Counsel (ODC), raising the issue of the perceived conflict. The County subsequently filed its ODC complaint and other related papers as an exhibit in District Court in opposition to the Braachs' request for attorney fees.

4

¶9 On February 22, 2012, the District Court issued its Findings of Fact, Conclusions of Law and Order, granting the Braachs' motion to enforce the June 27, 2011, writ of mandamus, granting their request for attorney fees, and granting sanctions in favor of the Braachs. Missoula County appeals, raising a number of issues.

¶10 The County argues that the District Court erred in issuing the initial writ without first allowing the County a chance to respond. When the District Court issued the initial writ, the closing on the Braachs' sale of the property was only a couple of days away and had already been postponed because of the County's refusal to record the deed. The County's position was that the Braachs could record a deed only if they obtained a court order, and this is exactly what the Braachs did. Because of the impending closing, which had already been extended, this situation could not have been addressed without prompt action by the Braachs and by the District Court. In addition, the District Court subsequently granted the County's motion to conduct further proceedings, considered briefs and motions, and held an evidentiary hearing. The District Court found that there were no specific requirements for the type or duration of notice prior to a writ of mandate, and that a district court has discretion regarding the amount of notice to be given of an application for a writ of mandamus. Section 27-26-202, MCA.

¶11 The District Court acted within its discretion to issue the initial writ and any procedural prejudice to the County, which does not appear in the record, was addressed by the subsequent proceedings. There is no effective relief that can now be granted based upon the County's allegations of deficient notice and opportunity to be heard, and the issue

5

appears to be moot. *Mills v. Alta Vista Ranch*, 2008 MT 214, ¶ 22, 344 Mont. 212, 187 P.3d 627.

¶12 The County argues that the District Court erred in issuing the writ because the County lacked a clear legal duty to record the Braachs' documents. Mandamus is available when the applicant is entitled to performance of a clear legal duty and has no adequate remedy in the ordinary course of law. Section 27-26-102, MCA; *Jefferson Co. v. Dept. of Enviro. Quality*, 2011 MT 265, ¶¶ 16, 21, 362 Mont. 311, 264 P.3d 715. Even where discretion is involved, where there has been such an abuse of discretion as to amount to no exercise of discretion at all, mandamus will lie to compel the proper exercise of the official's powers. Arbitrary or capricious action constitutes an abuse of discretion. *Withers v. Beaverhead County*, 218 Mont. 447, 450, 710 P.2d 1339, 1341 (1985).

¶13 A county clerk and recorder is required to record "any instrument . . . authorized by law to be recorded." Section 7-4-2617, MCA. In 2002 when the Braachs filed COS 5235 depicting Tract 1, § 76-3-201, MCA (2001), provided that a division of land created to provide mortgage security was exempted from the requirements of the Subdivision and Platting Act unless the transaction was undertaken with the purpose of evading that Act. Missoula County has never determined and does not argue that the Braachs were attempting to evade the Subdivision and Platting Act.

¶14 The Braachs argue that both Tract 1 and the remainder parcel became "tracts of record" as defined in § 76-3-103(16), MCA, because they could be identified by documents on file with the County Clerk and Recorder, in particular the 2002 designation of Tract 1 in COS 5235 and the 2006 deed conveying Tract 1 from the Braachs to the purchasers of Tract

6

1. They further argue that § 76-3-201, MCA (2001), exempted COS 5235 from survey requirements (even though Tract 1 was surveyed) and from the Subdivision and Platting Act. The District Court found that the Clerk and Recorder was required to recognize Tract 1 and the remainder as separate tracts of record and to record the Braachs' deed for the remainder.

¶15 Section 76-3-201, MCA, was amended effective in October 2003 to provide that a tract of land created for mortgage security could only be transferred to the entity holding the security interest. This amendment was not effective in 2002 when the Braachs recorded COS 5235 creating the mortgage security parcel, Tract 1, but was effective when they recorded the deed transferring Tract 1 in 2006. The District Court found that prior to the 2003 amendment, Missoula County applied the law to allow the separate transfer of tracts of land created as mortgage security, whether or not there had been a foreclosure of the mortgage. Parcels created for mortgage financing were deemed to survive the financing transaction as separate parcels of land. This interpretation of § 76-3-201, MCA (2001), was supported by a 1988 opinion of the Montana Attorney General. 42 Op. Atty. Gen. No. 101.

¶16 The District Court determined that under the facts, as a matter of equity Missoula County was estopped from refusing to allow the Braachs to record the 2011 deed for the remainder portion of their original property. Missoula County argues that the Braachs did not establish the elements of estoppel, and that equitable considerations are insufficient to support a writ of mandamus. The elements of estoppel are well established and require:

> (1) the existence of conduct, acts, language, or silence amounting to a representation or a concealment of a material fact; (2) these facts must be known to the party estopped at the time of his conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to

7

him; (3) the truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time it was acted upon by him; (4) the conduct must be done with the intention or at least the expectation, that it will be acted upon by the other party, or under circumstances both natural and probable that it will be so acted upon; (5) the conduct must be relied upon by the other party and, thus relying, he must be led to act upon it; and (6) he must in fact act upon it in such a manner as to change his position for the worse.

*Olsen v. Milner*, 2012 MT 88, ¶ 32, 364 Mont. 523, 276 P.3d 934. Estoppel has been applied to governmental entities in Montana. *Town of Boulder v. Bullock,* 193 Mont. 493, 632 P.2d 716 (1981) (town estopped from requiring owner to remove building that encroached on town street); *Barker v. Town of Stevensville,* 164 Mont. 375, 523 P.2d 1388 (1974) (in mandamus, town was estopped from denying a building permit to applicants).

¶17 The facts in this case sufficiently establish the elements of estoppel. The County approved the use of a portion of the Braachs' property as mortgage security in 2001; recorded COS 5235 in 2002; recorded the deed transferring Tract 1 in 2006; and separately taxed both parcels of the Braachs' original property. At no time prior to the prospective sale of the remainder tract in 2011 did the Braachs know that the County would claim that these transactions were improper; that the transactions had been affected by a change in the statute in 2003; or that the County would not recognize the parcels as separate tracts unless required to do so by a court order. Under these circumstances the County knew or should have known that the Braachs, the purchasers of Tract 1 and the prospective purchasers of the remainder of the property would rely upon the County's apparent legal position and act upon it. All of them did in fact rely upon the County's position and actions, to their detriment. The District Court properly concluded that the County was estopped from refusing to

recognize the separate tracts shown in COS 5235; was estopped from refusing to record present or future deeds involving those transactions; and was estopped from requiring a court order prior to doing so.

¶18 Based upon the facts of this case, Missoula County was estopped from denying that it had a duty to record deeds involving the Braachs' present and former property shown in COS 5235. Under the specific facts of this case the District Court properly concluded that the County was required to record the deed from the Braachs in 2011 without requiring them to first obtain a court order, and that the County's failure to do so supported a writ of mandamus.

¶19 The County further contends that the District Court improperly awarded attorney fees to the Braachs. The County's position was and is that the Braachs or any other person could record a deed for a sale of any of the property depicted in COS 5235 only upon obtaining a court order. The Braachs sought a writ of mandamus and obtained an order from the District Court, in an ultimately futile effort to salvage the 2011 sale of their property.

¶20 A successful applicant for mandamus may recover attorney fees. *Newman v. Wittmer*, 277 Mont. 1, 11, 917 P.2d 926, 932 (1996); *Kadillak v. Montana Dept. State Lands*, 198 Mont. 70, 75-76; 643 P.2d 1178, 1182 (1982). The District Court found that the Braachs were entitled to attorney fees and costs as the prevailing party in a mandamus action. In addition the District Court found that the County's act of filing in the District Court's record the papers concerning the disciplinary complaint against the Braachs' attorney was "so abhorrent in and of itself to justify the awarding of attorney fees and costs." The District Court found that the County's complaint against Ms. Dowdall based upon her former

9

employment as a deputy county attorney was a litigation strategy and without merit. The District Court determined that the Braachs were entitled to fees spent responding to the County's complaint. The District Court found that the Braachs had presented competent expert testimony at the hearing to support their claim for fees and that the fees claimed were reasonable. The District Court properly exercised its discretion to award attorney fees and costs to the Braachs.

¶21 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. It is manifest from the briefs and the record on appeal that sufficient evidence exists to support the findings of fact below, and the District Court did not abuse its discretion.

¶22 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE